■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HENRY ADKINS, Also Known as "HOLLYWOOD", Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered June 18, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant was convicted of the crime of criminal sale of a controlled substance in the third degree. One of the issues raised on appeal is the repetitious cross-examination of the defendant at the trial concerning his use of drugs. We disapprove of the manner and extent of the cross-examination, which, in the context of the case, bordered on being excessive. However, in the light of the total evidence before the jury, we cannot say that the error rose to the proportions which require a reversal (see *People v Crimmins*, 36 NY2d 230, 242). We have examined the other points raised by the defendant and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK BROWN, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered May 27, 1975, convicting him of attempted robbery in the first degree (two counts) and possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the facts and as a matter of discretion in the interest of justice, by (1) reversing the conviction of possession of a weapon, etc., as a felony, and the sentence imposed thereon, and the said count is dismissed, and (2) reducing the sentences imposed on each of the robbery counts from an indeterminate term of 5 to 15 years to an indeterminate term of from 0 to 10 years. As so modified, judgment affirmed. The evidence did not support the finding that defendant possessed a weapon. Further, the sentence imposed on the attempted robbery counts was unduly harsh. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.