■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOUIS VASTOLA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered June 23, 1977, convicting him of criminal possession of a weapon in the third degree and possession of untaxed cigarettes for the purpose of sale, after a nonjury trial, and imposing sentence. Judgment modified, on the facts, by reversing the conviction of criminal possession of a weapon in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The People failed to establish the defendant's guilt of the weapons possession count beyond a reasonable doubt. Where a gun is found in an area occupied by several people and where no one individual could be said to have dominion and control of the weapon, the People have a heavy burden in establishing constructive possession *(People v Roberson,* 41 NY2d 106, 109). In the most common factual situations, that burden is carried by proving that the defendant had ready access to the weapon or its storage place and that he admitted owning or using the weapon (see *People v Ledyard,* 32 Misc 2d 714). Here, the People presented such evidence, but all of the necessary elements were not believed by the trial court. Criminal Term specifically credited the testimony of the father of the defendant's fiancée, who admitted that he owned the gun and that he had given it to his daughter for her protection. This finding negated the defendant's admissions with respect to ownership and exclusive knowledge of the whereabouts of the gun and buttressed his explanation that he had admitted ownership in order to protect his fiancée. Criminal Term merely determined that the defendant had made these statements. Its finding of constructive possession was based on the defendant's knowledge of the gun's whereabouts and his willingness to direct the police to its location. These facts do not constitute dominion and control. They merely indicate access. Access is not sufficient for a finding of guilt in view of the evidence that other adults were present in the house, many of whom could have possessed the same knowledge but none of whom were asked. Thus, the conviction under the weapons count must be reversed and that count of the indictment dismissed. Damiani, J. P., Titone, Margett and Mangano, JJ., concur.