■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER A. GAYLES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Corso, J.), rendered March 28, 1980, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate prison term of from 5 to 15 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the indeterminate sentence to a minimum of three and a maximum of nine years. As so modified, judgment affirmed. The sentence imposed was excessive to the extent indicated. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LUCAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered February 16, 1977, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Subdivision (4) of section 265.02 of the Penal Law provides that a person is guilty of criminal possession of a weapon when "[h]e possesses any loaded firearm." The indictment charges defendant, pursuant to subdivision (4) of section 265.02, with possession of a firearm on October 29, 1974. On that date, while seated at a table in a bar with one Gonzalez and undercover officer Falco, Falco asked defendant if he had his gun with him, to which he replied he had given it to Gonzalez. Later the same day, out of the defendant's presence, in a bathroom at another bar, Gonzalez gave Falco a .38 caliber Colt Cobra handgun which defendant had shown to Falco on September 13, 1974. A ballistics expert testified that he had determined at a later time that the gun was loaded and operable. Defendant testified to paying $25 of the $125 purchase price of the gun, displaying it on September 13 to Falco, giving it on a date prior to October 29 to Gonzalez and being aware that Gonzalez had the gun in his coat pocket on October 29. To carry the heavy burden of constructive possession *(People v Roberson,* 41 NY2d 106) it must be established that defendant admitted owning the gun and that he had ready access to it. *(People v Vastola,* 70 AD2d 918.) Nothing in this record establishes ready access to the handgun on the date defendant is charged with its possession. The evidence did not support a finding that he possessed a loaded firearm on October 29, 1974. Accordingly the judgment must be reversed and the indictment dismissed. *(People v Brown,* 54 AD2d 913.) Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.