THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD LIPSKY, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant was convicted of murder, second degree, based primarily on his confession, given in Utah to a probation officer and a psychiatric social worker, to killing Mary Robinson by strangling her in Rochester, New York on June 14, 1976. The victim's body was never found and there was no direct proof of her death or that defendant caused it. The trial court set aside the verdict and dismissed the indictment on the ground that there was insufficient proof outside the confession that the offense charged had been committed as required by CPL 60.50. The People appealed and we affirmed with a divided court (*People v Lipsky,* 84 AD2d 42). The Court of Appeals reversed and reinstated the verdict (*People v Lipsky,* 57 NY2d 560).

Defendant has now been sentenced and he appeals urging, among other things, that: (1) the People failed to meet their burden, imposed by the court in its charge without objection by the People, of proving corroboration of the confession (CPL 60.50) beyond a reasonable doubt and that therefore the indictment must be dismissed; and (2) his confession, the product of custodial interrogation, was obtained without benefit of *Miranda* warnings and should have been suppressed. ¶ We agree that the conviction must be reversed and the indictment dismissed because the People, by failing to object to the court's charge concerning their burden of corroborating the confession, accepted a heavier burden of proof than that legally required and failed to meet that burden. CPL 60.50 provides that a person may not be convicted solely on the evidence of a confession "without additional proof that the offense charged has been committed." The requirement may be satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels,* 37 NY2d 624, 629, quoted in *People v Lipsky,* 57 NY2d 560, 571, *supra).* The court, however, charged the jury: "You must still find separate and distinct from the statements proof that convinces you *beyond a reasonable doubt,* one, that Mary Robinson is dead, and number two, that someone killed her" (emphasis added). The prosecutor did not object to these instructions and "thus was bound to satisfy the heavier burden" (*People v Malagon,* 50 NY2d 954, 956, citing *People v Bell,* 48 NY2d 913). Here, then, the People accepted the burden of proving corroboration beyond a reasonable doubt, a burden which they have failed to meet. Indeed, in its opinion reinstating the verdict in this case, the court stated: "To be sure, the evidence other than the confession *does not establish* Mary Robinson's death or that defendant was the cause of it" (*People v Lipsky,* 57 NY2d 560, 573, *supra;* emphasis added). ¶ Even if we were not required to dismiss the indictment due to failure of proof, we would be compelled to reverse and suppress the confession because it was obtained during custodial interrogation in violation of defendant's *Miranda* rights. The circumstances surrounding the taking of the confession may be briefly stated. On January 31, 1979, defendant, who had pleaded guilty in Provo, Utah, to an assault charge and who was being held there for a presentence evaluation, told Terry Jensen, a psychiatric social worker involved in the evaluation process, that he wished to "clear up" a prior crime. Jensen arranged a meeting between defendant and Betty Davies, a probation officer, who testified that she went to the meeting for the purpose of discussing this other crime with defendant. After about an hour of talking of other things, defendant said that he was going to tell her what had happened and Davies called Jensen into the room. Defendant said that he had murdered a woman and asked what else Davies needed to know. She requested a name, date and place, and defendant wrote on a slip of paper: "Mary Robinson, June 14, 1976, Rochester, New York". Then, either Jensen or Davies asked defendant for more detailed information, which he gave. ¶ The suppression court found that although the confession was given while defendant was in custody and without the administration of *Miranda* warnings, it was admissible because spontaneously made (*People v Lipsky,* 102 Misc 2d 19). We agree with the suppression court that defendant was in custody at the time he confessed (see *Estelle v Smith,* 451 US 454). We cannot agree, however, that defendant was not subjected to "express questioning or its functional equivalent" (*Rhode Island v Innis,* 446 US 291, 300-301) and find that Jensen's and Davies' acts in arranging the meeting for the express purpose of hearing defendant's criminal confession, encouraging him to talk, asking him for a name, date and place, and requesting further details are all acts which they "should know [were] reasonably likely to evoke an incriminating response" (*Rhode Island v Innis, supra,* p 301). The prosecution's efforts to fit the case into the spontaneous declaration exception are unpersuasive. The

fact that defendant initiated the exchange is not determinative (see *People v Rivers,* 56 NY2d 476, 479). Like the admission given in *People v Lucas* (53 NY2d 678, 680), "[t]his statement cannot be considered 'spontaneous' under any view of the facts, since *it was not blurted-out admission,* but was instead the product of an 'extended discussion'" between defendant and Davies and Jensen and "there can be no doubt that [Davies and Jensen], by engaging in the discussion with defendant * * * evoked the uncounseled, inculpatory statement" (emphasis added, citing *People v Cunningham,* 49 NY2d 203; see *People v Maerling,* 46 NY2d 289; cf. *People v Rivers, supra;* and *People v Lynes,* 49 NY2d 286, involving spontaneous statements). ¶ In view of our holding that defendant was subjected to custodial interrogation and that *Miranda* warnings were required, we need not reach defendant's further ground for suppressing the confession; that it was taken in violation of his right to counsel under *People v Smith* (54 NY2d 954) and *People v Bartolomeo* (53 NY2d 225) inasmuch as he was then represented by counsel on an unrelated pending charge. Discussion of the other points raised is unnecessary. (Appeal from judgment of Monroe County Court, Bergin, J., on motion to suppress and at trial; Maloy, J., at sentencing — murder, second degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.