■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CASANOVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered July 7, 1982, convicting him of criminal sale of a controlled substance in third degree, criminal possession of a controlled substance in the seventh degree (two counts), criminal possession of a weapon in the third degree, and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction for criminal possession of a weapon in the third degree,

vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we are satisfied that any rational trier of the facts could have found that the defendant's guilt of the crimes relating to the sale and possession of drugs and the criminal use of drug paraphernalia was proven beyond a reasonable doubt. We find, however, that the evidence concerning the defendant's alleged possession of a gun was insufficient as a matter of law to establish his guilt on that charge.

Moments after an undercover officer purchased a quantity of narcotics through a slot in an apartment door, the police, armed with a previously obtained search warrant, raided the premises. The defendant was found standing next to a table containing both narcotics and narcotics paraphernalia. Also on the table was a large amount of cash, including three $20 bills which had been used by the undercover officer and which had been treated with a phosphorescent powder. Traces of this substance were found on both of the defendant's hands. Other assorted narcotics paraphernalia were recovered from the kitchen. The police also recovered a gun from under a mattress in the bedroom where a codefendant, the only other person in the apartment, was discovered hiding under a blanket.

While the defendant offered an exculpatory explanation for his presence in the apartment and for the presence of the phosphorescent substance on his hands, the People introduced evidence which discredited his version of the events. Thus a credibility issue was raised which the jury could properly have resolved in favor of the People's witnesses *(cf. People v Lopez,* 85 AD2d 568). We are not satisfied, however, that the defendant was shown to have exercised sufficient dominion and control over the gun *(see, People v Watson,* 56 NY2d 632). Since the defendant was not in actual physical possession of the weapon, the proof had to establish that he was in constructive possession of the gun. Where a gun is found in an area occupied by several people and where no one individual could be said to have dominion and control over it, the People have a heavy burden of establishing constructive possession *(People v Vastola,* 70 AD2d 918). That burden was not met in this case. Constructive possession is established by showing that the defendant had dominion and control over the area where the gun was found *(People v Watson, supra; People v Roberson,* 41 NY2d 106). There was no evidence in this case

that the defendant lived in the apartment or that he had a key to it, nor was it shown how often he frequented the apartment *(see, People v Simon,* 107 AD2d 196). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.