(May 29, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSE OLIVO, Appellant.—Judgment, Supreme Court, Bronx
County (Florio, J.), rendered November 8, 1984, which con-
victed defendant, upon a jury verdict, of possession of a
shotgun or rifle (Administrative Code of the City of New York
§ 436-6.6) and sentenced him to a term of imprisonment of one
year to run concurrently with two concurrent terms of impris-
onment of 20 years to life imposed pursuant to a judgment
rendered May 4, 1985, unanimously reversed, on the law, and
the indictment dismissed.

Viewing the evidence in the light most favorable to the
People, the prosecution failed to establish defendant's guilt of
the weapons charge. The charge stemmed from the discovery
of a shotgun during a search of defendant's automobile repair
shop incidental to his arrest. The salient facts are that a
police undercover "buy and bust" operation culminated in
defendant's arrest. On December 15, 1984, defendant was
standing outside the Olivo Body Shop when several police
officers arrived and arrested him on unlawful drug sale and
possession charges. During a subsequent search of the prem-
ises, the arresting officers discovered a shotgun, in plain view
in the back of a car which was apparently being restored in
the work area at the rear of the shop. No ownership papers
for the automobile were found. The two other individuals who
were also present in the shop, defendant's employee Herman
Vasquez and one Luis Jackson, were arrested. The defendant
admitted neither ownership nor knowledge of the gun. At
trial, the People relied upon the aforementioned facts and
defendant's alleged motive to protect the area where he
conducted the alleged drug transactions. The defense theory
was that Jackson, whom the police had ultimately released
from custody, owned the gun. One of the arresting officers,
Officer MacSweeney, testified on cross-examination that Jack-
son was headed towards the gun when the police entered the
shop and found the gun. MacSweeney also testified that he
had noted on the Property Clerk's invoice for the gun that
Jackson "ran to the rear of the location near the shotgun, was
stopped by arresting officer" when the weapon was found and
confiscated.

We conclude that the proof here falls short of that neces-
sary to establish constructive possession. The facts indicate
only access, not dominion and control. (Penal Law § 10.00 [8].)
An inference of possession cannot be placed upon so slender a

reed as the access a defendant shared with other adults who also could have owned the property. *(People v Vastola,* 70 AD2d 918 [2nd Dept 1979].)* "Where, as here, 'the prosecution relies wholly upon circumstantial evidence to establish the guilt of the accused, the circumstances must be satisfactorily established and must be of such a character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt' (Richardson, Evidence [10th ed.], § 148, p 119)." *(People v Vasquez,* 47 AD2d 934, 935 [2d Dept 1975]; *see also, People v Sanchez,* 61 NY2d 1022 [1984].) The defendant's motion for a trial order of dismissal on the ground that the People failed to prove a prima facie case sufficiently preserved this issue for appellate review. (CPL 470.05 [2].) Concur—Murphy, P. J., Kupferman, Ross, Rosenberger and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARROW BROWN, Appellant.— Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered on May 12, 1983, unanimously affirmed.