■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEANDRO PEREZ, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered October 26, 1984, which convicted defendant, after a jury trial, of three counts of criminal possession of a weapon in the third degree and sentenced him to three concurrent terms of imprisonment of from 2⅓ to 7 years, is unanimously modified, on the law, to the extent of reversing the convictions on counts one and three of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment, and the judgment is otherwise affirmed.

On February 7, 1984, Police Officers Schmidt and Zaboras chased a man with a gun into 201 West 93rd Street, a 22-story apartment building in Manhattan, and lost him. While searching the building a second time, Officer Schmidt opened the stairway door to the sixth floor and saw codefendant Patel exiting an apartment with the stock of a handgun protruding from his waistband. Schmidt drew his service revolver and ordered Patel to halt. Patel ran back into the unlocked apartment and shut the door behind him. Schmidt, however, was able to force the door open. Zaboras, meanwhile, had arrived on the sixth floor in time to see his partner force the door open, and he positioned himself outside the apartment door and radioed for assistance.

The apartment door opened onto a hallway with a bathroom entrance to the left. Schmidt ordered Patel, who had fallen to the floor, to "freeze" and put his hands up. Patel got up and ran to the rear of the apartment. Schmidt pursued him, having to pass various women and children in the hallway. When Schmidt reached the end of the hallway he saw the kitchen area to his left and a living room/bedroom area to the right. He saw Patel in the kitchen tossing his gun out the

window. Seeing that other men were in the apartment, Schmidt began to retreat into the hallway. When he saw defendant emerge from the kitchen with a sawed-off shotgun aimed at him, Schmidt quickly dove into the bathroom. At this moment, Zaboras entered the apartment and saw Perez pointing a shotgun at him. Other men were seen quickly passing through the hallway and into the kitchen. Shortly thereafter, defendant stepped back into the kitchen and re-emerged into the hallway without the shotgun. Patel and another person, Manuel Ayala, also surrendered.

In the kitchen the officers discovered a sawed-off Mossberg shotgun, identified as the weapon defendant pointed at the officers. In the courtyard outside, just below the kitchen window, the officers found a .38 caliber revolver and a Winchester shotgun. All three men denied living in or working in the apartment, which was leased to a Mr. Aledo. Defendant was convicted of criminal possession in the third degree of all three weapons.

There was no evidence introduced at trial that defendant ever had physical possession of the weapons found in the courtyard, which were thrown from the apartment. As to those weapons, therefore, the People had to prove that defendant had constructive possession. One weapon, the revolver, was the weapon Patel brandished at the police. To prove defendant's constructive possession of that gun, the People had to demonstrate defendant's ability or intent to exercise dominion and control over the revolver. (Penal Law § 10.00 [8].) This was not proven. No facts were presented which could establish, or from which one can infer, defendant's ability to exercise control over Patel's gun. Patel's acts of running away from Officer Schmidt and discarding his weapon were committed spontaneously, without anyone else's participation or planning, and occurred before defendant even became involved in the scenario set forth above. There is no evidence even to suggest defendant's knowledge of that revolver. The first count of the indictment must, therefore, be dismissed.

No person was seen in possessing or discarding from the kitchen window the Winchester shotgun found in the courtyard. "Where a gun is found in an area occupied by several people and where no one individual could be said to have dominion and control of the weapon, the People have a heavy burden in establishing constructive possession". *(People v Vastola,* 70 AD2d 918; *see also, People v Casanova,* 117 AD2d 742, 743; *People v Lucas,* 84 AD2d 582.) To establish constructive possession in this situation, it must be established that defen-

dant had dominion and control over the area where the gun was found or admitted owning or using the gun. *(People v Casanova, supra,* at p 743; *People v Vastola, supra.)* No such facts were proven here. In this case it was not known from what area of the apartment the shotgun came and whether defendant had access to the shotgun. He certainly never admitted to its ownership or use. Furthermore, defendant did not live in the apartment nor was any evidence shown as to his purpose there that day. It is not even known if he was aware of that shotgun. The People's heavy burden has not been met, and the third count of the indictment must also be dismissed.

However, defendant's argument that he acted in self-defense when he aimed the Mossberg shotgun at the two officers is meritless. Justification, based on self-defense (Penal Law § 35.15), pertains only to crimes involving use of physical force and is not applicable to a crime based on possession of a weapon. *(People v Pons,* 68 NY2d 264.) Thus, the conviction on the second count of the indictment is affirmed. Defendant's final argument, on the adequacy of the charge, has not been properly preserved for appellate review. Concur—Sullivan, J. P., Carro, Asch and Wallach, JJ.