■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRINIDAD BETANCES, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The evidence was insufficient to support defendant's conviction of possession of a controlled substance in the third degree. A person is guilty of that charge

"when he knowingly and unlawfully possesses:

"1. a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]).

The evidence against defendant on this charge was wholly circumstantial. Viewing the evidence in the light most favorable to the People *(People v Ford,* 66 NY2d 428; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we must determine whether evidence of defendant's guilt flows " 'naturally from the facts proved, [is] consistent with them; and * * * exclude[s] "to a moral certainty" every reasonable hypothesis of innocence' " *(People v Benzinger,* 36 NY2d 29, 32, as quoted in *People v Ford, supra,* at 441).

The testimony of Officer Everdyke established that he found the cocaine in glassine packets in a sugar bowl in the pantry. At the time the drugs were seized, defendant and two adult males were in the kitchen. Defendant testified that she lived in the house with her three children, her sister and her eight children, and Ramon Lopez, her common-law husband. It was also established that defendant's brother Edward was frequently on the premises. Defendant testified that she didn't know the cocaine was there, never used the pantry because

there were cockroaches in it, and did not use or sell drugs. We cannot infer from those facts that evidence of her constructive possession flowed naturally from the facts proved and excluded every reasonable hypothesis of innocence *(People v Ford, supra,* at 441). The only other evidence to connect defendant to a possible sale was a $50 bill found on her person at the time of her arrest. That $50 bill had been Xeroxed by the police earlier that day in preparation for its use in a controlled buy. Defendant testified that a friend had given her the $50 bill earlier that day in payment of a debt. It could also have been reasonably inferred by the jury that defendant had been given the $50 bill by Ramon Lopez, who, according to another officer, had sold her the drugs in the controlled buy. Because there were other reasonable inferences to be drawn from the evidence which did not exclude defendant's innocence, the evidence was insufficient to support a verdict of guilty. Defense counsel's motion for a trial order of dismissal at the close of the proof should have been granted. (Appeal from judgment of Monroe County Court, Wisner, J.—criminal possession of controlled substance, third degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.