■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL BAILEY, JR., Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On this appeal by defendant from a judgment convicting him of two counts of criminal possession of a weapon in the third degree, we find that the circumstantial evidence is insufficient to support his conviction. At the outset, we note that this case was tried, and the jury instructed, on the theory that defendant constructively possessed the weapon and that, because the evidence against him was wholly circumstantial, defendant's guilt had to be established to a moral certainty. The People did not object to those instructions and thus were bound to satisfy that burden (see, People v Malagon, 50 NY2d

954, 956; *People v Lipsky,* 103 AD2d 1033, 1034). Where a conviction is based entirely on circumstantial evidence, the finding of guilt must be consistent with and flow naturally from the proven facts, and those facts viewed as a whole must exclude to a moral certainty every conclusion other than guilt *(People v Ford,* 66 NY2d 428, 441-442; *People v Kennedy,* 47 NY2d 196, 202).

Here, in attempting to establish defendant's constructive possession of the weapon, the prosecution relied exclusively on proof that, during execution of a search warrant at defendant's house, the gun was found in the pocket of a jacket lying on a bed, and that, when asked whose jacket it was, defendant admitted that it was his. Such proof does not exclude to a moral certainty every reasonable hypothesis of innocence. For example, the proof does not exclude the reasonable hypothesis that the gun was placed in defendant's jacket by one of the other five or six adults who were in the house and who possibly saw the police approaching to execute the warrant. Additionally, defendant's admission to ownership of the jacket does not furnish the requisite proof that the gun was his or that he knew it was in his jacket. The police did not display the weapon or reveal discovery of the gun in the pocket before asking whose jacket it was. The fact that defendant readily admitted owning the jacket, when he otherwise might be expected to remain silent, suggests an absence of guilty knowledge. Further support for the inference that the gun was not defendant's is provided by the fact that, although the gun was loaded with two rounds, no additional ammunition was found in defendant's house despite a thorough search of the premises. Because there are other reasonable inferences to be drawn from the evidence which are consistent with defendant's innocence, the evidence is insufficient to support the conviction *(see, People v Siplin,* 29 NY2d 841, 842; *People v Betances,* 145 AD2d 961, 962; *People v Chandler,* 121 AD2d 644, 646, *lv denied* 68 NY2d 913; *People v Vastola,* 70 AD2d 918; *People v Taggart,* 51 AD2d 863, 864; *People v Harris,* 47 AD2d 385, 388).

In view of our determination, it is not necessary to consider defendant's remaining contentions. (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of weapon, third degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.