■ In the Matter of Dirhim A., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order of the Family Court, New York County (Mary Bedner, J.), rendered on May 30, 1990, dismissing the juvenile delinquency petition against respondent as being facially insufficient, is unanimously reversed on the law and the petition reinstated, without costs or disbursements.

On February 12, 1990, respondent, then 16 years of age, was observed by a police officer inside a smoke shop of which he was the sole occupant. The youth, who had the keys to the

premises on him, was arrested and charged with the possession of drug paraphernalia in the second degree. The purported possession consisted of a one gram scale, one blue binder containing assorted empty crack vials, twenty-two pieces of cardboard and one manilla folder attached with assorted glassines and envelopes, and nine large plastic bags having various drug paraphernalia. Thereafter, appellant Corporation Counsel filed a juvenile delinquency petition in the Family Court, New York County, alleging that respondent "on or about February 12, 1990, knowingly possessed material suitable for the packaging of individual quantities of a narcotic drug, to wit: empty crack vials, caps, envelopes, glassines and a gram scale to use, or under circumstances evincing knowledge that some person intends to use the same for purposes of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant."

Respondent subsequently moved to dismiss the petition, urging that it failed to conform to the requirements of Family Court Act § 311.1 *et seq.* since "[n]othing in the supporting deposition or petition alleges any facts whatsoever which could arguably be evidence of circumstances 'evincing an intent to use' or of the unlawful 'manufacturing, packaging or dispensing of any narcotics drug or stimulant.' There are no non-hearsay allegations to support this element of the statute." It should be noted that the arresting officer's supporting deposition stated that he saw respondent "in possession of drug paraphernalia in that respondent was the sole occupant of a smoke shop. In plain view in the smoke shop were small empty crack vials, assorted caps, boxes of envelopes, a gram scale and glassines. Respondent was also in possession of a key which was used to lock and secure the smoke shop at 3796 Broadway." In granting the petition, the Family Court, finding that all of the elements of the crime must be established by factual allegations, concluded that the factual allegations relating to intent were inconclusive since the petition did not demonstrate that respondent knowingly sold or possessed drug paraphernalia in accordance with the manner anticipated by statute.

However, there are certainly sufficient allegations to support all of the elements of the crime charged, including that of intent. In that regard, the facts clearly show that respondent, despite not being the owner of the smoke shop or the premises, at the very least had possession of the drug paraphernalia. The purpose of a petition is not to prove a case against the accused but simply to advise him of the crime with which he

is charged. A highly detailed, factual description of the purported criminal transaction is not mandated *(Matter of James J.,* 160 AD2d 699, *affd* 76 NY2d 883). Rather, pursuant to section 311.2 (2) of the Family Court Act, which deals with the sufficiency of a petition, it is adequate on its face when "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged". Family Court Act § 311.2 (3) requires that the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." As the court pointed out in *Matter of James J. (supra,* at 700), a "petition will not fail because otherwise sufficient statements are made in a conclusory manner".

The instant petition not only adequately makes out that respondent was in possession of drug paraphernalia, but his possession of a large quantity of vials and other material strongly suggests a knowledge that the items were to be used for illegal purposes. In *People v Reisman* (29 NY2d 278, 285), the Court of Appeals noted that "[k]nowledge, of course, may be shown circumstantially by conduct or directly by admission" and, generally, "possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises" *(see also, People v Tirado,* 47 AD2d 193, *affd* 38 NY2d 955). Thus, "[t]he requisite intent * * * may be inferred by the trier of fact from the conduct of the accused" *(People v Danaher,* 49 AD2d 984). Consequently, if respondent's possession of drug paraphernalia under the circumstances herein would enable a trier of fact to infer that he was aware that it was to be utilized for illegal purposes *(see, People v Casanova,* 117 AD2d 742), the facts contained in the petition and the supporting deposition surely are adequate to validate the petition.

In any event, as appellant correctly explains, the Family Court provisions dealing with the sufficiency of juvenile delinquency petitions borrow language from Criminal Procedure Law sections governing both informations and indictments. At the very least, therefore, the standard for facial sufficiency is somewhere between the stricter requirements for informations and the lesser criteria necessary for indictments *(Matter of James J., supra).* In *Matter of James J. (supra,* at 701), the court observed that reliance on authorities in which accusa-

tory instruments against juveniles were measured by the standards set forth in the Criminal Procedure Law is misplaced *(see, People v Alejandro,* 70 NY2d 133; *People v Dumas,* 68 NY2d 729), and held that "[t]hose standards call for 'facts of an evidentiary character' * * * a requirement not specified in Family Court Act § 311.2". Consequently, for all of the foregoing reasons, the petition herein was facially sufficient. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.