■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. BROWN, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of a violation of the Alcoholic Beverage Control Law and two

counts of criminal possession of a weapon in the third degree after a search warrant was executed at 223 Oakwood Ave., the lower half of a two-family residence that had separate doors for each unit. Defendant was discovered in one of the bedrooms, which contained a full-sized refrigerator and cases of beer and other alcoholic beverages. An unloaded, sawed-off shotgun was located on the top shelf of a closet in the front foyer of the apartment.

On appeal, defendant argues that the circumstantial evidence was insufficient to prove that he possessed the gun. We agree. Defendant was not found in physical possession of the gun, and the People proceeded on a theory of constructive possession. "Where a gun is found in an area occupied by several people and where no one individual could be said to have dominion and control of the weapon, the People have a heavy burden in establishing constructive possession" *(People v Vastola,* 70 AD2d 918). The officer who executed the warrant testified that several other persons were in the apartment at the time. Defendant concededly was running an "after-hours" establishment from one of the bedrooms in the apartment. Persons who came to purchase alcoholic beverages from defendant often spent time in the apartment. The rent collector, who testified for the People, confirmed that, on several occasions when she visited the apartment to collect the rent, there were people sitting on the front porch drinking alcoholic beverages.

In our view, the circumstantial proof that defendant was a resident of the apartment was insufficient to establish that defendant constructively possessed the gun because it did not exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Bailey,* 159 AD2d 1009, 1010; *People v Betances,* 145 AD2d 961). Further support for the inference that the gun did not belong to defendant is found in the fact that the gun was unloaded and no ammunition for it was found in the apartment *(see, People v Bailey, supra).* Moreover, the arresting officer testified that there was nothing else in the front foyer closet except the gun. That fact further negates any inference that defendant knew that the gun was there merely by virtue of his residence in the apartment.

Consequently, the convictions for criminal possession of a weapon must be reversed and those counts of the indictment dismissed. Defendant does not challenge his conviction for a violation of the Alcoholic Beverage Control Law. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal

Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.