OPINION OF THE COURT
Harold Adler, J.
The issue before this court is whether people in an apartment in which drug paraphernalia was allegedly present may be prosecuted for criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). The allegations contained in the factual portion of the accusatory instrument state as follows:
"Deponent is informed by P.O. Karr, of the MNTNT, that informant recovered from the kitchen counter of an apartment being occupied by the defendants a set of scales, a strainer, a calculator and a notebook containing figures.
"Deponent further states that the defendants were knowingly in possession of these items in that the defendants were the only individuals in the apartment, a key fitting the lock to the apartment door was recovered by the informant from defendant Rodriguez’s coat pocket, the items were in plain view inside the apartment, and the defendants were observed by the informant in the living room area of the apartment immediately adjacent to the kitchen counter.
"Deponent further states that the above items are used and designed to be used for the purposes of weighing and measuring controlled substances, based upon information and belief the source of which is information given by a confidential informant that he/she witnessed, on two separate occasions, approximately one ounce of cocaine as well as scale and tin foil, his professional training as a Police Officer in the recognition and identification of the use of such items, and prior experience in numerous drug related arrests.”
As a result of these allegations the defendants stand *672 charged with criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). This court now reviews the accusatory instrument to determine whether it is facially sufficient to support this charge.
Pursuant to CPL 100.15, a criminal court accusatory instrument must contain an accusatory portion that designates the crimes charged and a factual portion that alleges facts of an evidentiary character supporting the charges. An accusatory instrument is facially sufficient if it contains facts of an evidentiary nature which support or tend to support the crimes charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]) and contains nonhearsay allegations which establish, if true, every element of the crimes charged. (See, CPL 100.40 [1] [b], [c].) Mere conclusory statements will not suffice. (People v Dumas, supra.) An accusatory instrument which fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
The Penal Law section under which the defendants are charged (Penal Law § 220.50 [3]) was enacted in 1990. It expands the items of drug paraphernalia, the possession or sale of which may constitute a crime. The added items include "scales and balances generally used to prepare controlled substances for distribution * * * [T]he required culpable mental state is designed to preclude the possibility of innocent possession or sale of the paraphernalia.” (Donnino, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, 1993 Pocket Part, at 24.)
This section states:
"A person is guilty of criminally using drug paraphernalia in the second degree when he knowingly possesses or sells: * * *
"3. Scales and balances used or designed for the purpose of weighing or measuring controlled substances * * * under circumstances evincing knowledge that some person intends to use, the same for purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant.” (Penal Law § 220.50 [3].)
The language of Penal Law § 220.50 (3) requires that a defendant charged with this crime possess two culpable mental states. An accusatory instrument charging Penal Law § 220.50 (3) must tend to show or establish both mental states. In this case the accusatory instrument attempts to satisfy this double mens rea requirement by alleging that the defendants *673 (1) knowingly possessed the set of scales and balances, under circumstances evincing (2) knowledge that some person intends to use it to unlawfully manufacture, package or dispense a narcotic drug or stimulant. However, the accusatory instrument fails to factually support or establish either of these two mens rea elements.
KNOWINGLY POSSESSED
The accusatory instrument alleges that the defendants knowingly possessed the scales. The factual portion of the accusatory instrument states: "Deponent further states that the defendants were knowingly in possession of these items in that the defendants were the only individuals in the apartment, a key fitting the lock to the apartment door was recovered by the informant from defendant Rodriguez’s coat pocket, the items were in plain view inside the apartment, and the defendants were observed by the informant in the living room area of the apartment immediately adjacent to the kitchen counter.” These allegations, taken as true, do not support or establish knowledgeable possession.
As defined in subdivision (8) of section 10.00 of the Penal Law, " '[p]ossess’ means to have physical possession or otherwise to exercise dominion or control over tangible property.” Penal Law § 220.50 prefaces the word "possess” by the word "knowingly”, thereby establishing that if a defendant is to be prosecuted under this statute, he must be aware that he possesses the paraphernalia.
In some cases knowledge can be demonstrated circumstantially (People v Tirado, 47 AD2d 193 [1st Dept 1975], affd 38 NY2d 955) or indirectly from contrary statements from which guilt may be inferred (People v Reisman, 29 NY2d 278, 285 [1971]), and intent may be inferred from the factual allegations (People v Weems, NYLJ, Dec. 1, 1980, at 7, col 1 [App Term, 1st Dept]; People v Darryl M., 123 Misc 2d 723 [Crim Ct, NY County 1984]) or demonstrated circumstantially (People v Reyes, 126 Misc 2d 399 [Crim Ct, NY County 1984]; see, People v Borrero, 26 NY2d 430 [1970]). In People v Reisman (supra, at 285), the Court of Appeals noted that "possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises”.
Knowledge of possession has been circumstantially established in numerous Penal Law § 220.50 cases. Where the drug *674 paraphernalia is not something commonly used for legal purposes, for example where it is a substantial quantity of empty crack vials, the circumstances are likely to warrant an inference of knowledgeable possession. (See, People v Way, 147 Misc 2d 821 [Sup Ct, NY County 1990].) Likewise, in the case before this court, if the scales were not something commonly used for legal purposes or if there were circumstances tending to show that the defendants were involved in weighing or measuring narcotic drugs or stimulants or if it was alleged that they reside in the apartment it could be inferred that the defendants knowingly possessed the scales. (See, People v Watson, 56 NY2d 632 [1982].) However, the accusatory instrument in the case before the court does not contain facts or circumstances warranting such an inference.
In Matter of Dirhim A. (178 AD2d 339 [1st Dept 1991]), a juvenile delinquency proceeding, the respondent was the sole occupant of a "smoke shop”, i.e., a store displaying a variety of drug paraphernalia. Although he was not the owner of the store, he did possess its keys. The lower court dismissed and the Appellate Division reversed, holding that the facts sufficiently established knowledgeable possession. However, Dirhim A. is distinguished from the case before this court because the paraphernalia in that case was a substantial assortment of items used almost exclusively for the preparation, manufacturing and intake of drugs. In Dirhim A. it could be reasonably inferred from the conspicuous nature of the paraphernalia that the respondent possessed it with knowledge. In the case before this court, the paraphernalia are inconspicuous items commonly used for nondrug related activities.
The Court of Appeals, writing on possession of a dangerous drug, quoted with approval the following from People v Nettles (23 Ill 2d 306, 308, 178 NE2d 361): "Where narcotics are found on premises under defendant’s control, it may be inferred that the defendant had both knowledge and control of the narcotics. The inference is based largely upon the nature of the commodity and the manner in which its illegal traffic is conducted * * * [T]hey are sold for exorbitant sums on the black market and are therefore of great value to the person possessing them. Furthermore, since their mere possession may subject such person to severe criminal consequences, the narcotics traffic is conducted with the utmost secrecy and care. Human experience teaches that narcotics are rarely, if *675 ever, found unaccountably in a person’s living quarters.” (People v Reisman, 29 NY2d 278, 286-287, supra.)
The contraband in the case before this court is not a thing "rarely, if ever, found unaccountably in a person’s living quarters.” (People v Reisman, supra, at 287.) Many nutritionally conscious people have a set of scales in their kitchens. Nor are the scales conspicuously illegal. Absent a culpable connection between the defendants and either the scales or illicit drugs, or absent other facts showing a culpable mental state, the defendants’ presence in the apartment on this one occasion does not tend to show that they knowingly possessed drug paraphernalia. There is nothing indicating that the defendants knew of the alleged unlawful use of the scales or that the defendants knew that the scales were in the kitchen. Other than the defendants’ single-occasion presence in the apartment, there is nothing connecting them to the inconspicuous scales and nothing connecting them to the apartment or to illegal drugs. Without such factual connections it cannot be inferred that the defendants’ possession of the scales is with knowledge.
While the accusatory instrument states that "the defendants were the only individuals in the apartment”, it does not present any facts indicating that the defendants had previous contact with the apartment, frequented the apartment, resided at the apartment, or were otherwise connected or associated with the apartment. In fact, while the accusatory instrument speaks of a confidential informant witnessing "on two separate occasions, approximately one ounce of cocaine as well as a scale and tin foil”, it does not in any way connect the defendants with these "two separate occasions”. There is nothing indicating that these "two separate occasions” were connected in time to the defendants’ possession of the apartment and there is nothing indicating that the defendants were privy to, aware of or otherwise connected to these "two separate occasions”.
This court is aware that " 'the rule that possession must be exclusive does not mean that the possession may not be joint’ ”. (People v Robertson, 61 AD2d 600, 608 [1st Dept 1978], affd 48 NY2d 993.) Moreover, control of the premises is not restricted to a lessee. (People v Robertson, supra; People v Tirado, supra.) However, to be prosecuted under Penal Law § 220.50, one must knowingly possess contraband. While the accusatory instrument indicates that the defendants did possess the apartment on that one occasion, it does not show that *676 their possession of the contraband was with knowledge. Absent further inculpatory facts, the temporary (single occasion) possession of an apartment containing inconspicuous items of paraphernalia commonly used for legal purposes is not sufficient to infer knowledge.
INTENT OR KNOWLEDGE
The second mens rea aspect of Penal Law § 220.50 (3) requires "an intent to use [the scales] or * * * knowledge that some person intends to use [the scales to] * * * unlawfully manufacture[ ], package[ ] or dispense[ ] any narcotic drug or stimulant”. There are diverse opinions as to the proper interpretation and application of this aspect of Penal Law § 220.50.
Some courts opine that "[t]he only reason to enact section 220.50 is to prosecute persons who do not themselves deal in drugs but who supply dealers with the tools of their trade”. (People v Nagi, NYLJ, May 19, 1992, at 25, cols 2, 3 [Crim Ct, Kings County].) The court in Nagi wrote (at 25, col 3): "When P.L. Section[s] 220.50 and 220.55 were first proposed, there was some concern expressed by District Attorneys that it would be very difficult to obtain convictions in circumstances where the defendant did not also possess narcotics. See, Governor’s Bill Jacket, L. 1971, c. 970, Assem. No. 7753, at p. 6. But the New York State Narcotics Addiction Control Commission argued that '[merchants] who knowingly engage in the sale of materials and implements for use in the preparation and packaging of illegal narcotic drugs, should be subjected to criminal sections [sic] since their activities facilitate the conduct of illegal drug traffic’. Id. at pp. 17-19. Indeed, if the only people who could be charged with violating this section were drug manufacturers, it would be worthless to have the crime on the books. The distribution of drugs is a serious felony whereas Section 220.50 is a misdemeanor. The only reason to enact section 220.50 is to prosecute persons who do not themselves deal in drugs but who supply dealers with the tools of their trade.”
Indeed, the plain language of Penal Law § 220.50 does not preclude such paraphernalia suppliers from prosecution and does not require or suggest that the possessor must unlawfully manufacture, package or dispense a narcotic drug. Under Penal Law § 220.50 (2) and (3), the defendant merely must know "that some person intends to use [the paraphernalia] for the purpose of unlawfully manufacturing, packaging or dis *677 pensing of any narcotic drug or stimulant” or, under Penal Law § 220.50 (1), "that some person intends to use [the paraphernalia] for purposes of unlawfully mixing, compounding, or otherwise preparing any narcotic drug or stimulant”. (Emphasis added.)
Possession of drug paraphernalia charges can be sufficient under various circumstances, even when no drugs are observed. (People v Way, 147 Misc 2d 821 [Sup Ct, NY County 1990], supra; People v Nagi, supra.) When the contraband is possessed under circumstances evincing knowledge on the part of the defendant that someone intends to use the items to process drugs, the possessor of the contraband can be prosecuted under this section. Such evidence can be circumstantial, as when there is no other reasonable explanation for the possession other than that the items will be used to process drugs. (See, People v Nagi, supra; People v Tirado, 47 AD2d 193 [1st Dept 1975], supra.)
Other courts have presented a different view of Penal Law § 220.50: "The Legislature’s intent in enacting Penal Law § 220.50 was to address the problem of police 'raids on illicit drug "factories” ’ where narcotics are manufactured and packaged for illicit distribution or sale” (People v Shelton, 136 Misc 2d 644, 649 [Crim Ct, Bronx County 1987]; see also, People v Mason, 136 Misc 2d 968, 972-973 [Crim Ct, Bronx County 1987]).
In People v Shelton (supra), it was alleged that the defendant possessed 28 vials containing residue of cocaine (crack) and two smoking devices containing residue of cocaine. The court dismissed the Penal Law § 220.50 charge for facial insufficiency and wrote (at 649): "The Legislature’s intent in enacting Penal Law § 220.50 was to address the problem of police 'raids on illicit drug "factories” ’ where narcotics are manufactured and packaged for illicit distribution or sale, and not, as in the instant case, to prosecute individuals for possession of vials and two smoking devices for personal use. (See, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, at 89-90.) At best, defendant’s conduct falls outside the parameters of the legislative intent of the statute.”
The view that the Legislature’s intent was to address "drug factory” paraphernalia is based upon a letter from the Office of the District Attorney of New York County recommending that the Governor approve the act creating the statute. The *678 letter is cited and excerpted in Donnino, Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, at 77), and states, in part: "[The statute] could be extremely helpful in prosecuting 'factory’ cases and in cases where a search warrant is obtained but the drugs are not present [when] the paraphernalia used is found”. It should be noted that this letter does not limit the scope of the statute and does not suggest that the statute may not be used when the possession of drug paraphernalia is for manufacturing, packaging, mixing, compounding or preparing a narcotic drug for personal use. Furthermore, it must be remembered that this is a letter from a District Attorney and does not express the intent of the Legislature.
The Court of Appeals has made it clear that when interpreting a statute, a resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal. (People v Graham, 55 NY2d 144 [1982].) Moreover, while legislative intent is the great and controlling principle (Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38 [1966]), it should not be confused with legislative history as the two are not coextensive. Inasmuch as the legislative intent is apparent from the language of the statute, there is no occasion to consider the import, if any, of the legislative memoranda. (Sega v New York State, 60 NY2d 183 [1983].)
Because the language of Penal Law § 220.50 is unambiguous and unequivocal, there is no need to consider extraneous material in analyzing its intent. The plain and clear language of Penal Law § 220.50 does not require that the paraphernalia be part of a drug "factory”, nor does it exclude from the parameters of the statute manufacturing, packaging, mixing, compounding or preparing narcotic drugs for personal use. (See, People v Way, 147 Misc 2d 821, 825 [Sup Ct, NY County 1990], supra [Penal Law § 220.50 "is not limited to raids on drug 'factories’ ”].)
In fact, a number of courts have permitted Penal Law § 220.50 charges to stand where the paraphernalia was found in an automobile and was not directly linked to a drug "factory”. (See, People v Henriquez, 150 AD2d 227 [1st Dept 1989]; People v Madera, 125 AD2d 238 [1st Dept 1986].)
When a defendant possesses a substantial quantity of drug paraphernalia it may be inferred that the items were to be used unlawfully. This inference is an extension of the proposition that when one possesses a substantial quantity of drugs it *679 may be inferred that he intended to sell them. In People v Hernandez (71 NY2d 233, 245 [1987]), the Court of Appeals accepted the proposition that the jury could reasonably infer from the defendant’s possession of a "substantial quantity of drugs” that the defendant intended to sell the drugs. (See also, People v Vailes, 150 AD2d 406 [2d Dept 1989]; People v Timmons, 127 AD2d 806 [2d Dept 1987].) In People v Way (147 Misc 2d 821 [Sup Ct, NY County 1990], supra) this proposition was applied to criminal use of drug paraphernalia. The court in that case found that the police officer had probable cause to arrest the defendant for violating Penal Law § 220.50 (2) where a substantial number of vials in defendant’s possession suggested an intent to use the vials to manufacture and dispense crack. In People v Kamersi (NYLJ, June 26, 1992, at 23, col 1 [Crim Ct, NY County 1992]), this proposition was again applied to criminal use of drug paraphernalia. In that case the accusatory instrument alleged that the defendant possessed thousands of empty glassine envelopes, empty vials, crack pipes, dilutants and other paraphernalia.
Also, the First Department recently decided Matter of Dirhim A. (178 AD2d 339 [1st Dept 1991], supra). In that case, a juvenile delinquency petition, the respondent was the sole occupant inside a "smoke shop” containing a substantial array of drug paraphernalia. Although he was not the owner of the "smoke shop”, he did possess the keys to it. The Family Court dismissed the petition on the ground that the factual allegations in the petition did not demonstrate that the respondent had the intent or knowledge required by the statute. The Appellate Division reversed, and stated that "his possession of a large quantity of vials and other material strongly suggests a knowledge that the items were to be used for illegal purposes”. (Supra, at 341.)
Both Matter of Dirhim A. (supra) and People v Kamersi (supra) are clearly distinguishable from the case before this court. In those cases, knowledge that the paraphernalia was to be unlawfully used could reasonably be inferred because the quantity of drug paraphernalia was substantial. However, in the case before this court the facts and circumstances do not warrant this inference. The defendants are alleged to possess merely a set of scales, a notebook with figures in it, a calculator and a strainer. Finally, there is no allegation that defendants had been engaged in the manufacturing, packaging or dispensing of a narcotic drug or stimulant, or had engaged in any other conduct suggestive of an intent to use or knowledge *680 that another person intends to use these items in conjunction with a narcotic drug or stimulant. (See, People v Rabah, NYLJ, July 13, 1987, at 13, col 6 [Crim Ct, NY County 1987].) The circumstances and conduct of the defendants, as presented in the accusatory instrument, do not tend to show that the defendants intended to use or knew that some person intends to use the paraphernalia for the purpose of unlawfully manufacturing, packaging or dispensing a narcotic drug or stimulant. The facts presented in the accusatory instrument, taken as true, are equally consistent with innocence as they are with guilt.
Given this court’s expertise on a myriad of diets, a kitchen scale, a notebook with figures accompanied by a calculator and, of course, the ever-imposing strainer, are considered bare essentials for the kitchen. This Judge would be elated if the Legislature would outlaw all kitchen scales, thereby alleviating some of the frustrations of dieting. Alas, that is not the law and even innocents will remain subject to prosecution for possession of kitchen scales. Regulating one of life’s most innocent enjoyments by such a distant and mechanical device, and recording the results in a notebook for posterity with the aid of a calculator, is punishment enough. Fear of criminal prosecution would not even amount to icing on the cake.
For the foregoing reasons, the accusatory instrument is dismissed pursuant to GPL 170.30 and 170.35.