■ In the Matter of ANDREW U., a Person Alleged to be a Juvenile Delinquent, Appellant. [773 NYS2d 24]—

Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about January 27, 2003, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of attempted burglary in the second degree and possession of burglar's tools, and placed him with the Office of Children and Family Services at Lincoln Hall for a period of 18 months, unanimously modified, on the law, to the extent of vacating the fact-finding order as to possession of burglar's tools, and otherwise affirmed, without costs.

As to the charge of attempted burglary in the second degree, the court's finding was based upon legally sufficient evidence and was not against the weight of the evidence. We find no reason to disturb the court's credibility determinations. Given these determinations, there was ample evidence that appellant knowingly attempted to enter the subject dwelling with the requisite intent.

With regard to the charge of possession of burglar's tools, however, we find that the court erred in determining that appellant constructively possessed the screwdriver used in attempting to enter the subject apartment. Where property is found in an area accessible to several people and where no one individual could be said to have dominion and control over it, the prosecution has the heavy burden of establishing constructive possession (*see People v Casanova*, 117 AD2d 742, 743 [1986]). The record here is devoid of any evidence that appellant exercised either actual or constructive dominion or control over the screwdriver by demonstrating a sufficient level of control over the area in which it was found (*see People v Manini*, 79 NY2d 561 [1992]). The arresting police officer testified that he did not observe the subject screwdriver in appellant's hand before appellant fled from the fifth floor fire escape to the roof of the apartment building prior to his apprehension. Nor did the arresting officer testify that the screwdriver was recovered from the vicinity where appellant was arrested. Indeed, there was no testimony as to where the appellant was apprehended. Although appellant immediately fled to the roof upon being observed by the officer on the fire escape outside an apartment window and the screwdriver was subsequently recovered from the roof, there was no evidence that appellant exercised any level of control over the area, which was concededly accessible to anyone in the building. Under these circumstances, we find that evidence concerning appellant's alleged possession of burglar's tools was insufficient as a matter of law to establish his guilt on that charge.

We have considered and rejected appellant's remaining contentions. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.