■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL DeJESUS, Appellant. [843 NYS2d 294]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered December 14, 2001, as amended May 16, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of nine years, unanimously modified, on the law, to the extent of vacating defendant's conviction of criminal possession of a controlled substance in the first degree, and remanding for a new trial on that count, and otherwise affirmed.

Defendant was charged with criminal possession in the first, second and third degrees, and criminal sale of a controlled substance in the third degree after a "buy-and-bust" operation in the Bronx. The testimony of the undercover detective at trial established the following: that she had handed $10 in prerecorded buy money to a man who crossed the street to a parking lot where he handed defendant the money; that defendant took

the money, took some keys from his pocket, went to the passenger side of a van parked on the lot; and that when defendant returned, he placed a small object in the individual's hand. The detective further testified that the individual walked back to her and handed her two clear ziplock bags of crack cocaine from the same hand that she had observed receiving the small objects from defendant.

The detectives who subsequently arrived on the scene testified at trial that they detained the defendant and searched him recovering $185, including the $10 of prerecorded money, and a set of keys. They used the keys to open the van by unlocking a sliding door that was padlocked. The detectives testified that upon opening the sliding door to the back of the van, they saw two bags of what appeared to be powder cocaine on a stool. Lab tests subsequently confirmed the powder to be one kilogram of cocaine.

Jose Paulino, who was arrested with the defendant, testified for the defense. He stated that, on the day of the arrest, he was helping defendant clear the lot which defendant rented and used for his refrigeration and air conditioner repair business and also to park cars. According to Paulino, at about 1:00 P.M., Jimmy Simms, a mechanic who had four of five cars parked on the lot, arrived to work on a car. Simms had keys to the van where police later found the kilo of cocaine. Simms opened the van, and retrieved tools from inside. Simms, along with another man, worked on a pickup truck in the lot and left after a few hours to get parts.

During voir dire, defense counsel had indicated that he wanted to call Simms to testify about his possession of the keys to the van and his access to the van. The prosecutor indicated that if Simms testified he would face arrest. Simms stayed on the defense list, but defense counsel rested without calling him. Prior to summations, however, defense counsel moved to reopen his case to call Simms as a witness. According to defense counsel, Simms had contacted him the previous night to tell him that he had a conversation with the prosecutor. He said that she had informed him she needed answers to two questions and that Simms could leave her office regardless of his answers. Simms responded "yes" when asked whether he had keys to the van and whether he entered it on the date of defendant's arrest. Defense counsel told the court that Simms had previously refused to testify at trial for fear of prosecution; and that, in a constructive possession case, the jury should hear whether anyone other than the defendant had dominion or control over the area. He further argued that the testimony would not be

cumulative, since Paulino's testimony was uncorroborated and the prosecution would likely argue in summation that he was not credible. The prosecutor opposed the motion. She argued, inter alia, that two people can have joint possession of drugs, and, in any event, the only issue was who had dominion and control over the drugs at the time the undercover detective saw defendant enter the truck. The court denied defense counsel's application to reopen its case because the court felt the testimony would not be exculpatory, and thus not helpful to the defendant. The court also assured defense counsel that the prosecutor would not contest that Simms had a key to the van or that he had accessed it earlier in the day.

Subsequently, on summation, the prosecutor in fact went on to do exactly as defense counsel had surmised. The prosecutor withdrew her concession that Simms had keys and had accessed the van on the day in question and argued that defendant was the only one with the keys.

Defense counsel's objection was sustained and the court instructed the jury that "[t]here was some testimony that some other person had a key to that [truck] and it was conceded by the district attorney that some other fellow, Jimmy something, had the key." Undaunted, the prosecutor then continued summation by challenging Paulino's testimony that Simms entered the van where the drugs were found, arguing that he had gone into a *different* truck to get his tools. The prosecutor further characterized the testimony as "incredible" and as lies to protect defendant since Paulino and defendant were long-time friends.

Defendant was subsequently found guilty and the court imposed a minimum sentence of 15 years to life for criminal possession of a controlled substance in the first degree, and a concurrent sentence of 1 to 3 years for criminal sale in the third degree. On May 16, 2006, the sentence was reduced to a determinate nine years, plus five years of postrelease supervision pursuant to the Drug Law Reform Act of 2004.

On appeal, defendant asserts that the court's refusal to let him call a key witness violated his due process right to a fair trial. Defendant further argues that reopening his case would not have prejudiced the People since the request was made the next morning after the defense rested. Defendant asserts that, therefore, his conviction should be reversed.

As a threshold matter, it is well established that the right of a criminal defendant to call witnesses of his own choosing is a fundamental ingredient of the due process of law (*People v Williams,* 81 NY2d 303, 312 [1993]). It is equally well settled that

absent a showing that an offer of proof was made in bad faith no court should completely preclude a witness from testifying for the defense (*People v Arroyo*, 162 AD2d 337, 339 [1990], *affd* 77 NY2d 947 [1991]).

The People assert nevertheless that, even if the court erred on this issue, it was harmless error since the evidence against defendant was so overwhelming that Mr. Simms' testimony would not have changed the outcome of the verdict.

This Court disagrees. A conviction for constructive possession of a controlled substance requires legally sufficient proof that a defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]). While the issue of legal sufficiency is not before this Court, we find that because of the paucity of evidence in this case, additional testimony from Mr. Simms could have created, at the very least, reasonable doubt about defendant's guilt on the criminal possession count. Therefore, the court's error in refusing to reopen the case was not harmless (*see People v Mason*, 263 AD2d 73, 77 [2000], citing *People v Crimmins*, 36 NY2d 230, 237 [1975] [error is harmless only if harmless beyond reasonable doubt and no reasonable possibility exists that error might have contributed to defendant's conviction]).

In this case, the evidence of defendant's dominion or control over the area where the cocaine was found amounts to one uncontroverted fact that defendant had keys to the padlock on the van. The prosecutor highlighted this fact as follows: "when someone exercises what's called dominion and control over an object, they have the ability to get the object. How do we know the defendant exercised dominion and control? Because he had the key to the van on his personal key ring . . . ."

However, there was no evidence adduced at trial that defendant owned, rented or had any possessory interest in the van (*see People v Pearson*, 75 NY2d 1001 [1990]).

There was no evidence that defendant kept any of his belongings in the van.

There was no evidence that defendant had, at any time that day, gone into the back of the van where the kilo of cocaine was found.

There was no evidence that the crack cocaine that defendant retrieved from the passenger side of the van came from the powder cocaine found inside the van.

Further, had Simms been permitted to testify, his testimony would have corroborated Paulino's testimony and established

that defendant was not the only one with a key to the van but that Simms also had one. Moreover his testimony would have prevented the prosecution from challenging Paulino's credibility on the issue, and from making the mendacious statement that only defendant had the key on his key ring.

Further, Simms' testimony would have corroborated and thus highlighted two salient facts: that Simms stored his tools in the back of the van, and that, earlier on the day of defendant's arrest, he had retrieved the tools from that part of the van where the kilo of cocaine was subsequently discovered.

While it is true that two people can have joint possession and joint dominion and control (*People v Tirado*, 38 NY2d 955, 956 [1976] ["(p)ossession if joint is no less possession"]), in this case, the lack of evidence against defendant combined with Simms' testimony could have established that defendant only had access, like others on the lot that day, but not the dominion or control required to establish constructive possession.

In *People v Olivo* (120 AD2d 466 [1986]), a case with a similar fact pattern, this Court distinguished access from dominion or control. There, a defendant was convicted of possession of a shotgun after police found a shotgun in plain view in the back of a car at defendant's automobile repair shop. Defendant was arrested along with one of his employees and another individual present at the time. No ownership papers were found for the car. At trial, the People suggested that defendant's motive for possession of the shotgun was to protect the area where he conducted alleged drug transactions.

In that case, this Court held that, "[a]n inference of possession cannot be placed upon so slender a reed as the access a defendant shared with other adults who also could have owned the property" (*id.* at 466-467, citing *People v Vastola*, 70 AD2d 918 [1979]). In similar cases where convictions for possession of guns were obtained based on theories of constructive possession, New York courts have held that, where those guns were found in areas occupied by several people and where no one individual could be said to have dominion and control of the weapon "the People have a heavy burden in establishing constructive possession" (*People v Brown*, 181 AD2d 1041, 1042 [1992], quoting *Vastola*, 70 AD2d at 918; *see also People v Rodwell*, 246 AD2d 916 [1998]). In *Brown*, the court reversed defendant's conviction because there, the circumstantial proof that defendant was resident of the apartment where the gun was found "did not exclude to a moral certainty every reasonable hypothesis of innocence" (*Brown*, 181 AD2d at 1042).

Likewise, in this case, had Simms testified and corroborated

the challenged testimony of defense witness Paulino, it is unlikely that the People would have met their heavy burden of establishing constructive possession by defendant. The fact that Simms would probably have denied knowledge of the cocaine, as the prosecutor surmised, should have been an issue of credibility for the jury, and not a foregone conclusion on which the court ruled. Consequently, we find that the trial court erred and violated defendant's due process right to a fair trial when it refused to allow the defense to reopen its case and call Simms as a witness. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.