■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD S. HARGROVE, Appellant.— Judgment of adjudication of defendant as a youthful offender, unanimously reversed, on the law and the facts, and the information dismissed. The defendant herein, at the time of the event was 16 years of age. He was a high school student, with no previous involvement with the authorities. As a summer employee of the Parks Department, he properly was in the vicinity of the Orchard Beach parking lot, having gone there for the purpose of obtaining pay due to him. A certain owner of a car, Klingstein, offered a ride to the defendant and a companion. When in the car, Klingstein offered a marijuana cigarette to the defendant, which he declined. A police officer, chancing by, stopped the car. According to the officer, as the driver got out,

he described a manilla envelope falling to the ground and he detected an odor of marijuana. Also, according to the officer, he saw the defendant attempting to thrust a similar envelope into a seat. The officer's version was denied by the defendant and by his companion, who verified the defendant's refusal to accept a proffered marijuana cigarette. Although mindful of former subdivision 4 of section 1751 of the Penal Law, and its presumptive effect against the defendant, we feel that the totality of the circumstances herein do not permit the conclusion beyond a reasonable doubt, that the defendant was in possession of the prohibited narcotic drug. He clearly was in the vicinage on an innocent errand, the driver of the car was unknown to him, he could not have known the contraband contents of the car, and he spurned the offer of the cigarette. Altogether, we think these facts, in their totality, rebut the presumption running counter to the defendant by virtue of the statute (see *People* v. *Mitchell*, 51 Misc 2d. 82); and suggest he was the innocent victim of circumstances. (*People* v. *Russo*, 278 App. Div. 98, 105, affd. 303 N. Y. 673.) Although defendant also presses error assertedly arising out of the Assistant District Attorney's questioning the defendant about his failure to exculpate himself with the arresting officer at the time of arrest, having no obligation to speak, we do not reach this point. We feel it is sufficient to conclude that under all the circumstances revealed by the record before us, and for the reasons given above, the conviction of this youth as an offender should be reversed and the information dismissed. Concur — Stevens, P. J., Tilzer, McGivern, McNally and Macken, JJ.