■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO LOPEZ, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), entered May 4, 1981, which convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree, and sentenced him to concurrent terms of imprisonment of four years to life, 4 to 12 years and one year, respectively, unanimously reversed, on the law, and indictment dismissed. The People's witnesses testified that they proceeded to the apartment of one Panzarino to arrest him for the sale of drugs. They entered the apartment[*] and saw Panzarino enter a bedroom. A detective followed him and saw appellant standing within the room, a few feet from drugs and paraphernalia, such as are used in a "cutting" operation of mixing and dispensing drugs. While the detective testified that it appeared that the cutting operation was going on at the time, he conceded that it could have occurred at a later time, and he also admitted that the scene he observed was as consistent with the interpretation that one person was cutting some cocaine to sell to another, as with the interpretation that a full-scale cutting operation was in progress. All of the persons in the apartment were arrested. The charges against the other persons were dismissed, leaving only Panzarino and the appellant. Panzarino entered a plea of guilty to criminal possession of a controlled substance in the first degree in satisfaction of the indictment and was sentenced to three years to life. At trial the People relied primarily on the statutory presumption of knowing possession of narcotic drugs, as provided in subdivision 2 of section 220.25. The defendant testified on

* The denial of the motion to suppress evidence is not at issue on this appeal.

his own behalf and denied ever touching, mixing, cutting or preparing the drugs. He related that he was 31 years of age, had completed two years at Bronx Community College and had served two years in the Navy. He did a tour of duty in Vietnam and had received three decorations, including the Bronze Star. Upon his return to New York, he had worked for the Fire Department, the Post Office and as a health service aid. Before his remand he had been employed by the Human Resources Administration. He had never been previously arrested. He testified that he knew Panzarino from the neighborhood and had often purchased small quantities of cocaine or marihuana from him. On the day of his arrest he had gone to Panzarino's apartment to buy $10 worth of cocaine. Panzarino asked him to come into the bedroom, where he saw the drugs and paraphernalia. He heard a commotion in the living room and the detective entered and arrested him. He had been in the apartment for only a few minutes. Appellant's guilt was not proven beyond a reasonable doubt. The People were unable to offer any fact or circumstance beyond appellant's presence in the room to show a knowing and unlawful possession of the contraband. They must rely on the statutory presumption. Subdivision 2 of section 220.25 of the Penal Law provides, in part, "2. The presence of a narcotic drug, narcotic preparation, marihuana or undiluted phencyclidine in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found". "(T)he presumption is evidentiary and rebuttable, whether by defendant's own testimony or by any other evidence in the case" (*People v Leyva,* 38 NY2d 160, 167). The People failed to contradict or impair appellant's testimony in any particular. His evidence "prove[s] the truth of his choice of inferences so conclusively that reasonable persons could no longer believe the inference authorized by the statute" (*People v Leyva,* at p 169). We feel that the totality of the circumstances do not permit the conclusion, beyond a reasonable doubt, that the defendant was in possession of the prohibited substances (see *People v Hargrove,* 33 AD2d 539, 540). The presumption has been rebutted. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Markewich, JJ.

(REPUBLISHED)