■ In the Matter of JOAN M. VERGA et al., Respondents, v JOHN V. SCADUTO, as Treasurer of the County of Nassau, et al., Respondents, and RHODA SWEET, Appellant. — In a proceeding pursuant to CPLR article 78 to compel respondent McConnell to cancel a treasurer's tax deed to certain real property and to compel respondent Scaduto to receive and accept payment from petitioners on a tax lien on said property, Rhoda Sweet appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered March 26, 1982, which, inter alia, awarded attorney's fees to the petitioners, and (2) a judgment of the same court (Becker, J.), entered November 3, 1982, which, inter alia, granted the petition, ordered a hearing on petitioners' motion to punish her and her attorney for contempt of court, and assessed costs against her in the amount of $266.90. The appeal from the judgment brings up for review a resettled order of the same court (Levitt, J.), dated June 22, 1982, which amended the order entered March 26, 1982, to delete the provision for attorney's fees (CPLR 5517, subd [b]). Appeal from the order entered March 26, 1982 dismissed. Said order will be reviewed on the appeal from the judgment. On the court's own motion, those branches of the appeal from so much of the judgment as ordered a hearing on petitioners' application to punish Sweet and her attorney are dismissed. No appeal lies from an order directing a hearing (see Bagdy v Progresso Foods Corp., 86 AD2d 589). Sweet failed to move for retaxation of costs before Special Term. Accordingly, we also dismiss that branch of the appeal (see CPLR 8404; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C8404:1). Judgment affirmed, insofar as properly appealed from. No opinion. Petitioners are awarded one bill of costs. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BAHA-MUNDI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 26, 1982, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for criminal possession of a weapon in the third degree and the sentence imposed thereon and dismissing that count of the indictment. As so modified, judgment affirmed. Prior to trial, defendant moved, inter alia, to dismiss the count of the indictment charging him with criminal possession of a weapon in the third degree. The court erroneously denied this request. The indictment alleges only that defendant unlawfully possessed a knife. It does not also allege that the defendant intended to use the knife unlawfully and thus, as the People concede, it is fatally defective (cf. Penal Law, § 265.01, subd [2]). Consequently, the conviction for this crime must be reversed and the count of the indictment dismissed (cf. People v Iannone, 45 NY2d 589). The other alleged errors raised by defendant are either harmless or without merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.