■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTOLO PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered July 30, 1982, convicting him of robbery in the second degree, criminal possession of stolen property in the second degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Sharpe, J.), following a hearing, of that branch of the defendant's omnibus

motion which was to suppress physical and identification evidence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a weapon in the fourth degree under count four of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

Contrary to the defendant's contentions, our review of the record discloses that, viewed in the totality of circumstances, the procedures employed by the police in conducting the showup of the defendant and his two companions immediately after his arrest and shortly after the commission of the crime were not so conducive to irreparable misidentification as to deny the defendant due process of law (see, People v Smith, 38 NY2d 882, 883; People v Digiosaffatte, 63 AD2d 703, 704; see also, People v James, 110 AD2d 1037, 1038; People v Thomas, 105 AD2d 1098; People v Johnson, 102 AD2d 616, 627, 628, lv denied 63 NY2d 776).

The People concede, however, that they failed to establish the operability of a second, light-handled knife as a gravity knife, and, therefore, under count four of the indictment, the defendant's conviction of criminal possession of a weapon in the fourth degree must be dismissed (see, People v Perez, 123 AD2d 721).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.