■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE McCARY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 22, 1989, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the first degree, vacating the sentence imposed thereon, and ordering a new trial with respect to that count of the indictment; as so modified, the judgment is affirmed.

The evidence adduced at the suppression hearing establishes that in the early morning hours of October 25, 1988, the defendant was observed by Police Officer Christopher McCarthy quickly exiting a house in a high crime area while tightly clutching a black object which McCarthy testified appeared to him to be a weapon. The defendant then entered the back seat of a livery cab which was parked in front of the house and which already contained a driver and a back seat passenger. McCarthy and his partner followed the livery cab for about two blocks before pulling it over. The officers then approached the cab, with their guns drawn, and ordered the defendant to exit the vehicle. As the defendant did so, he took a black bag which had been located between him and the door and passed it to Deborah Watson, the female passenger who was seated beside him. According to McCarthy, the bag, which resembled a shaving kit, was the object that he had previously thought

to be a weapon. After the defendant was patted down, Ms. Watson was directed to open the bag. Inside were personal effects and a substance later determined to be crack-cocaine. The defendant and Ms. Watson were arrested, and a station house search of the defendant's person revealed a vial of cocaine and two bags of marihuana.

The hearing court correctly concluded that the police officers acted properly in stopping the cab and asking the defendant to alight therefrom after having observed the defendant carrying an object which they reasonably believed to be a weapon *(see generally, People v Ingle,* 36 NY2d 413, 416-417). While the court further found that the defendant abandoned the bag and therefore lacked standing to challenge its seizure, we conclude that this analysis of abandonment was unnecessary, inasmuch as the hearing record amply demonstrates that the defendant had no standing to challenge the search because he failed to establish that he had a reasonable expectation of privacy in the property removed from Ms. Watson *(see, United States v Salvucci,* 448 US 83; *Rawlings v Kentucky,* 448 US 98; *People v Ponder,* 54 NY2d 160; *see also, People v Wesley,* 73 NY2d 351). In this regard, the dissent accurately notes that initially there was some conflicting evidence at the hearing with respect to the ownership of the black bag and its contents. For example, the bag was described as resembling a shaving kit, and the defendant stated at the scene that it belonged to him in a transparent attempt to prevent the arrest of Ms. Watson. However, when asked to describe the contents of the bag which Ms. Watson opened at his request, Officer McCarthy testified that he "observed a lot of personal effects, lipstick, compresses". Furthermore, any doubt as to the identity of the owner of the bag was dispelled once the officer testified at the hearing that the bag was no longer available because it had been inadvertently released to the owner shortly after the arrest:

"THE WITNESS: It was released to the owner the day after the arrest, sir.

"THE COURT: Who was the owner?

"THE WITNESS: Deborah Watson * * *

"THE COURT: And is Deborah Watson—was it released to her? Do you have some document to show who signed off on it?

"THE WITNESS: I called the command and I was informed that Deborah Watson had signed for it".

Accordingly, we are satisfied that the bag was the property of

Ms. Watson and that the defendant failed to demonstrate that he had the requisite interest in its contents to give him standing to challenge the conduct of the police in having Ms. Watson open the bag which was on her lap. Moreover, standing to challenge the search and seizure of the bag vis-à-vis Ms. Watson was not conferred upon the defendant under the doctrine espoused in *People v Millan* (69 NY2d 514) and elaborated on in *People v Wesley* (73 NY2d 351, 360-362, *supra),* as the defendant was not charged with possession of the cocaine seized from the car under the statutory presumption *(see,* Penal Law § 220.25 [1]).

However, we find that reversal and a new trial with respect to the conviction of criminal possession of a controlled substance in the first degree is warranted based upon the trial court's decision to grant the People's request to charge the jury under Penal Law § 220.25 (1) to the effect that the presence of a controlled substance in an automobile "is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found". A review of the Grand Jury minutes and the charge sheet reveals that the defendant was not charged with possessing the cocaine found in the black bag based upon the statutory presumption. Moreover, at the suppression hearing, the People asserted that they were not even aware of such a presumption, and the hearing court made clear that its determination of lack of standing would preclude the People from relying on such a presumption at trial. However, in spite of its previous determination, and over the vigorous objection of defense counsel, the trial court permitted the People to alter their theory of prosecution and charged the jury as to both actual possession and the statutorily presumptive possession outlined in Penal Law § 220.25 (1). The court's action was highly prejudicial to the defendant, as he was then faced with a charge of possession under the statutory presumption even though he had not been given an opportunity to contest the search and seizure of the black bag and its contents on that basis *(see, People v Wesley, supra,* at 360). Although the defendant does not explicitly request reversal of his conviction of criminal possession of a controlled substance in the first degree on this basis, we find that the interest of justice compels such a result. Finally, the fact that the jury may have convicted the defendant based upon his actual possession of the crack-cocaine does not alter our result *(see, Stromberg v California,* 283 US 359; *see also, People v Knight,* 138 AD2d 294, 297). Sullivan, Rosenblatt and Ritter, JJ., concur.

Brown, J. P., dissents and votes to reverse the judgment of conviction, grant that branch of the defendant's omnibus motion which was to suppress physical evidence, and dismiss the indictment, with the following memorandum: I agree that the hearing court correctly concluded that the police officers acted properly in stopping the livery cab and asking the defendant to alight therefrom after having observed the defendant carrying an object which they reasonably believed to be a weapon *(see generally, People v Ingle,* 36 NY2d 413, 416-417). However, I believe that the hearing court erred in concluding that the defendant abandoned his possessory and privacy interests in the black bag by passing it to his companion upon being ordered from the car. On the contrary, the conduct of the defendant in failing to attempt to rid himself of the bag as soon as the car in which he was riding was stopped and approached by the police evinced a contrary intent *(see, People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). Indeed, it was not until after he was ordered out of the car that the defendant took the bag, which was located between him and the car door, and handed it to his companion. Under the circumstances, it cannot be said that the actions of the defendant indicated a deliberate intent to divest himself of possession of the bag *(cf., People v Wade,* 137 AD2d 638; *People v Brown,* 40 AD2d 527). In fact, it would appear that the defendant's actions were motivated by nothing other than a desire to safeguard the bag while he was talking to the police. Thus, the People have failed to meet their burden of establishing that the defendant abandoned the black bag *(see, People v Howard, supra),* and the defendant's possessory and privacy interests remained intact at the point at which his companion was directed to open the bag.

Contrary to the majority's position, it is my view that, under the circumstances of this case, the defendant's admitted possessory interest in the bag, which he did not abandon, bestowed upon him standing to challenge the search of the bag by the police. This is so regardless of the majority's observation that the bag was subsequently returned to the defendant's female companion, the person to whom the police ascribed ownership thereof. Indeed, the People did not, and do not, argue that the defendant never had a reasonable expectation of privacy in the bag; they argue simply that he abandoned the privacy right he possessed by handing the bag over to someone else. As previously indicated, I disagree with that contention and with the hearing court's finding to that effect. Additionally, the cases relied on by the majority are inappo-

site, as they involve either the warrantless search of a premises (see, United States v Salvucci, 448 US 83; People v Wesley, 73 NY2d 351; People v Ponder, 54 NY2d 160), or situations where the item searched had never been in the defendant's actual, as opposed to legal, possession, and in fact concededly belonged to someone else (see, Rawlings v Kentucky, 448 US 98). Simply put, in my view the defendant's possessory interest in the bag was paramount to any interest the police, at that point, had in the bag, and thus could not be legally interfered with absent a sufficient predicate (see, Rakas v Illinois, 439 US 128, 138-140). It is submitted that no such predicate existed, and that the conduct of the police in ordering the defendant's companion to open the bag resulted in a violation of the defendant's possessory and privacy interests therein. Once the police officers realized that the object they had previously believed to be a weapon was, in fact, nothing more than a black bag, they no longer had any justification for detaining the defendant, nor did they possess the predicate necessary to justify the opening of a closed bag located in the livery cab (see, People v Torres, 74 NY2d 224, 227). Thus, the search of the bag was illegal, as were the seizure of the substance contained therein, the arrest of the defendant, and the search of the defendant incident to that arrest, and all the evidence obtained as a result of this illegal conduct must be suppressed. Since the only offenses with which the defendant was charged relate to his possession of these suppressed items, the indictment against him must be dismissed.