OPINION OF THE COURT
Steven W. Fisher, J.
This motion to suppress physical evidence presents two *513 unusual issues, both involving a criminal defendant’s standing to challenge a search and seizure. The first is whether standing derived solely from the prosecution’s reliance upon a statutory presumption (see, People v Millan, 69 NY2d 514) confers a right to seek suppression of additional property which is not subject to the presumption but which is seized in the course of the same search. The second issue, and one of apparent first impression, is whether a defendant can lose that standing by offering testimony at a suppression hearing which would make the presumption inapplicable.
The defendant and codefendant Tony Nunez stand charged with criminal possession of a controlled substance in the first degree and two counts of criminal possession of a weapon in the third degree.* The indictment alleges that they jointly possessed more than four ounces of cocaine and two loaded and operable firearms. It is undisputed that the contraband was seized by police inside a grocery store on Rockaway Boulevard in Queens County.
The defendant moved to suppress the physical evidence and, at a hearing held on the motion, the People called Detective Kevin Cummings who testified that on the evening of October 24, 1990 he was on duty as part of a field team conducting a buy and bust operation. At approximately 6:20 p.m., the team received a radio transmission from their undercover officer who reported that he had just purchased a packet of cocaine from two Hispanic men who were behind a counter inside a bodega at 141-17 Rockaway Blvd. The officer stated that he had been approached on the street and brought into the bodega for the sale by a black male. The officer provided detailed descriptions of the three individuals involved, and reported that the black male had returned to the street in front of the store.
Upon receiving this transmission, Detective Cummings and the rest of the team immediately drove to the bodega. A black male who fit the broadcast description was standing in front of the store. When the officers pulled up, the man bolted into the bodega and, with weapon drawn, Detective Cummings pursued. Inside the store, two Hispanic males matching the broadcast descriptions were standing behind the counter and were arrested by other members of the field team. Detective Cummings followed the black man who ran past the counter *514 and into a passageway which led around large refrigerators to the back of the store.
Cummings caught the suspect on a small stairway leading up to an office. As the detective held his prisoner, he looked up through the open door of the office and saw codefendant Nunez seated at a desk with the defendant standing beside him. On top of the desk, Cummings saw what he believed to be a clear plastic bag of cocaine. The detective ordered the defendant and Nunez to come out of the office and they complied.
After all prisoners were secured, Detective Cummings entered the office to seize the bag and, upon doing so, he found additional drugs, wax papers, two loaded guns, and over $7,000 in cash lying in plain view on top of the desk.
Testifying in his own behalf, the defendant asserted that he had come to the bodega only 10 minutes before the police arrived. His purpose was to collect $500 as the balance due for a security system he had installed in the store some two weeks earlier, and he was discussing the matter in the back office with Tony Nunez, the assistant store manager. The defendant saw no drugs or guns in the office. The top of the desk was empty. The door to the office was closed.
Suddenly, police officers began banging loudly on the door demanding entry. When they were allowed in, the police searched the office but found nothing. The defendant and Nunez were then handcuffed and taken out to the public area of the store where they were forced to lie on the floor as the officers conducted an extensive search of the premises. As he lay on the floor, the defendant saw the police recover drugs from an area behind some shelves. He also saw an officer seize guns from the top of a six-foot-high soda counter. The defendant had no prior knowledge of the contraband.
At argument on the motion, the defendant challenged the police conduct leading to the seizure of the evidence but offered no independent basis for a reasonable expectation of privacy in the bodega. The People conceded, however, that they planned to rely on the so-called drug-factory presumption (Penal Law § 220.25 [2]) to help establish the defendant’s knowing possession of the cocaine.
[In a portion of the opinion that has been omitted for purposes of publication, the court held that, notwithstanding the defendant’s failure to assert a reasonable expectation of privacy in the store, the People’s announced reliance on the *515 drug-factory presumption would give him standing to challenge the seizure of the cocaine but not to seek suppression of the additional property which was seized in the course of the same search but which is not subject to the presumption. The court then continued as follows:]
The next question is whether that limited standing has been affected by the defendant’s testimony at the suppression hearing. That question involves considerations of the nature of statutory presumptions and the way they are rebutted.
In New York, statutory presumptions in criminal cases are not true presumptions but rather create permissible inferences, sometimes called presumptions of fact. Thus, even where the facts necessary to trigger the presumption are established and no rebutting evidence is offered, the trier of fact is still free to decline to draw the proposed inference (see, People v Lemmons, 40 NY2d 505, 510-511; People v McKenzie, 67 NY2d 695). And, of course, the presumptions are rebuttable in the sense that the defense may always offer evidence in an affirmative attempt to persuade the fact finder that the proposed inference should not be drawn (see, e.g., People v Leyva, 38 NY2d 160, 166-167). Generally speaking, such evidence takes one of two forms.
Most often, rebutting evidence does not challenge the facts triggering the presumption but rather suggests that the proposed inference is inappropriate because of other circumstances in the case. Thus, for example, in People v Cullen (138 AD2d 501 [2d Dept]), the defendant rebutted the gun-in-a-car presumption by offering credible evidence that the weapon had been secretly possessed by another of the vehicle’s passengers who slipped it onto the floor of the car as police approached. And, in People v Lopez (85 AD2d 568 [1st Dept]), the defendant rebutted the drug-factory presumption by offering credible evidence that he had come to the premises to purchase a small quantity of cocaine only moments before the police arrived (see also, People v Hargrove, 33 AD2d 539 [1st Dept] [drugs-in-a-car presumption]).
But a defendant may also attempt to combat a presumption by offering evidence to disprove the existence of circumstances necessary to trigger it. Thus, for example, a defendant charged under the gun-in-a-car presumption may offer evidence to prove that the gun was never in the vehicle or that it was actually found on the person of another occupant (see, Penal Law § 265.15 [3] [a]). Such evidence does not merely rebut the presumption, it makes the presumption inapplicable.
*516 In the case at bar, the defendant’s hearing testimony was offered in support of his contention that the police had acted unlawfully in subjecting the store to an extensive warrantless search which was neither justified by the earlier sale of a single packet of cocaine from behind the counter nor permissible as incidental to the arrest of the sellers (see generally, People v Cohen, 87 AD2d 77, 82-83 [2d Dept], affd 58 NY2d 844 [crime scene searches]). Whatever value it might have had for that purpose, the defendant’s testimony, if true, would also unquestionably establish that the drug-factory presumption is inapplicable because, according to the defendant’s account, the drugs had not been in plain view and the defendant had not been in close proximity to them.
The issue, then, is whether a defendant’s proffer of evidence which undercuts his sole basis for standing, or, perhaps more importantly, whether a suppression court’s acceptance of such evidence in its findings of fact, should deprive the defendant of the standing he would otherwise enjoy in a case of this kind. I think not.
The Millan holding (69 NY2d 514, supra) was predicated entirely on the prosecution’s announced reliance on a statutory presumption to prove knowing possession of contraband, and not at all on the defendant’s agreement, tacit or otherwise, that the presumption was applicable or appropriate in the case. The rule, then, would be considerably weakened, and its rationale largely undermined, if it were now held to confer standing only at the price of requiring a defendant at a suppression hearing to withhold otherwise relevant evidence simply because it might be inconsistent with the applicability of the presumption. Moreover, there is another reason for not denying standing to a defendant in these circumstances.
Suppose, for example, that I were to accept the defendant’s testimony here and to deny him standing on that basis. The People would then prevail at the hearing notwithstanding the fact that I had rejected their evidence. And the fact that their evidence was rejected would be without cost to the People. Neither the defendant’s testimony nor my findings of fact would have any collateral effect at trial. If the same evidence were later presented to a jury, the People would be entitled to an instruction on the presumption and the defendant could be convicted on the basis of the presumption.
In People v McCary (173 AD2d 856 [2d Dept]), the People asserted at a suppression hearing that they would not rely on *517 the drugs-in-a-car presumption to prove that the defendant was in knowing possession of cocaine found in the possession of his companion in an automobile. As a result, the suppression court held that the defendant was without standing to challenge the seizure of the drugs. At trial, however, the prosecution requested and received a jury instruction on the presumption, and the defendant was convicted of possessing the cocaine.
In reversing that conviction, the court held that the jury instruction "was highly prejudicial to the defendant, as he was then faced with a charge of possession under the statutory presumption even though he had not been given an opportunity to contest the search and seizure of [the drugs] on that basis” (People v McCary, 173 AD2d, at 858). Thus, it appears that the deciding factor in whether standing is conferred is not the shape of the evidence offered at the suppression hearing but whether the defendant will face a charge of possession under a statutory presumption at trial.
In the case at bar, regardless of the defendant’s testimony at the hearing or this court’s eventual findings of fact, the People’s evidence and their announced reliance on the presumption assure that the defendant will indeed face a charge of possession under the presumption at trial. Accordingly, I hold that, contrary to the People’s contention, the defendant has not "talked his way out” of standing and may challenge the seizure of the cocaine.
Turning, then, to the merits of that challenge, my assessment of the evidence and my evaluation of the credibility of the witnesses leads me to find the facts to be as recounted by Detective Cummings. And, based upon those facts, I conclude that the information provided by the undercover officer was sufficient to establish probable cause to arrest the black man (see, e.g., People v Javier, 175 AD2d 182 [2d Dept]; cf., People v Rosario, 78 NY2d 583), that Detective Cummings was therefore entitled to pursue him into the store (see, e.g., People v Martinez, 176 AD2d 761 [2d Dept]), and that the drugs were lawfully discovered and seized under the plain view exception to the warrant requirement (see, e.g., People v Manganaro, 176 AD2d 354 [2d Dept]).
Accordingly, the defendant’s motion to suppress should be denied in all respects.

 Codefendant Nunez has absconded and is not party to this motion.