■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GARCIA, Appellant. [662 NYS2d 34] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 24, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The hearing court correctly declined to suppress the physical evidence. The arresting officer's observation of defendant immediately prior to defendant entering the taxicab, and conclusion that the package he carried appeared to contain a firearm, were sufficient to create a reasonable suspicion that defendant was committing a crime (see, People v Prochilo, 41 NY2d 759; People v Ruiz, 166 AD2d 302, lv denied 76 NY2d 1024; People v Gil, 196 AD2d 718), and justified stopping the taxicab (see, People v McCary, 173 AD2d 856, 857, lv denied 78 NY2d 1013). The subsequent search of the taxicab and recovery of the firearm flowed from this lawful predicate. The court found the arresting officer's testimony, which included a courtroom demonstration, credible and that determination is entitled to great weight on appeal and should not be set aside unless clearly unsupported by the record (People v Prochilo, supra, at 761; People v Wright, 204 AD2d 372, 372-373, lv denied 84 NY2d 835; People v Jones, 168 AD2d 370, lv denied 77 NY2d 907), which is not the case here.

Nor do the remainder of defendant's contentions provide a basis for reversal. His claims that the trial court deprived him of his right to a fair trial and to present a defense by reason of its ruling pursuant to People v Sandoval (34 NY2d 371), its inclusion of the "car presumption" of Penal Law § 265.15 (3) in the jury charge and its supplemental instruction to the jury during deliberation are each without merit.

Under the circumstances, the court's Sandoval ruling should not "be deemed erroneous as having deprived defendant of the only material source of testimony in support of his defense" (People v McEachin, 188 AD2d 433, lv denied 81 NY2d 889), i.e., his own testimony. The court ruled that the People could inquire as to his prior felony conviction for criminal use of a firearm, but it would not allow them to go into the underlying

facts or to mention defendant's related pleas to assault and reckless endangerment. While it was a close question whether the probative value of such inquiry would outweigh the prejudice to defendant, the court exercised its discretion in a fair, reasoned manner with sensitivity towards defendant's concerns, and without abuse or abdication of discretion (*People v Walker*, 83 NY2d 455, 458; *People v Couvertier*, 222 AD2d 239, *lv denied* 87 NY2d 971).

The fact that the jury was charged with the "car presumption" did not hamper the defense or prejudice defendant. Contrary to his assertions, defendant was placed on notice from the beginning that this theory was available to the prosecution and, indeed, the record shows that defense counsel failed in his efforts to limit the theory of the People's case to actual possession. Consequently, *People v McCary* (*supra*), relied upon by defendant, is inapposite and the claim is meritless (*see, People v Foley*, 210 AD2d 163, 163-164, *lv denied* 85 NY2d 861).

Finally, the claim that the court's response to the eighth jury note was biased in favor of the prosecution is unpreserved and without merit. The defense failed to timely object to the actual instruction given to the jury (*see, People v DeRosario*, 81 NY2d 801, 803; *People v Miller*, 213 AD2d 271, *lv denied* 86 NY2d 844) and, in fact, subsequently conceded that the instruction was "theoretically correct". In any event, the record shows that the issue raised by the jury note, regarding the lack of evidence, was more than adequately addressed by the combination of the original jury charge and the response to the note. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.