■ ARTHUR GELLER, Appellant, v DAVID FARBER, Respondent. [672 NYS2d 787] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Franco, J.), entered April 1, 1997, which, upon a decision granting the defendant's motion to dismiss the complaint at the end of the plaintiff's case in a nonjury trial, dismissed the complaint and awarded certain costs and disbursements to the defendant, and (2) an order of the same court, dated April 4, 1997, which denied his motion to set aside the decision and for a new trial.

Ordered that the appeal from so much of the judgment as awarded to the defendant $245 in disbursements is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from so much of the order dated April 4, 1997, as denied the plaintiff's motion to set aside the decision is dismissed, as no appeal lies from an order denying a motion to set aside a decision (*see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the order dated April 4, 1997, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiff's contention, the court did not improvidently exercise its discretion in denying his request for a continuance (*see, Evangelinos v Reifschneider,* 241 AD2d 508). The record reflects that the plaintiff had ample opportunity to discover evidence and secure the attendance of witnesses (*see, Balogh v H.R.B. Caterers,* 88 AD2d 136).

The appeal from so much of the judgment as is in favor of the defendant for $245 of disbursements taxed by the Clerk must be dismissed. The plaintiff failed to seek judicial retaxation of the disbursements allowed by the Clerk before the Supreme Court, Nassau County (*see,* CPLR 8404; *Matter of Verga v Scaduto,* 99 AD2d 534; *cf., Neal v Wright,* 222 AD2d 1059).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.