OPINION OF THE COURT
Gabriel W. Gorenstein, J.
Background
The defendant is charged with criminal possession of a *765 weapon in the fourth degree (Penal Law § 265.01 [2]) and possession of knives or instruments (Administrative Code of City of NY § 10-133 [b]). The information, sworn to by the arresting officer, states in its entirety the following:
“Police Officer Kenneth Scianna, shield #28141 of the 861, being duly sworn, deposes and says as follows:
“On October 29, 1999, at about 800 hours at city hall V subway in the County and State of New York, the defendant committed the offenses of:
“1. PL 265.01(2) Criminal Possession of a Weapon 4th Degree
“2. AC 10.133(B) Possession of Knives or Instruments
“in that the defendant possessed a dangerous or deadly instrument with intent to use it unlawfully against another; and the defendant unlawfully possessed in a public place a knife with a blade length of four inches or more.
“The offenses were committed under the following circumstances:
“Deponent states that deponent recovered one dagger from the defendant’s jacket pocket.
“Deponent further states that he measured said dagger and that the blade is greater than 4 inches.”
The defendant has moved to dismiss the information. He argues that because the information fails to allege in its factual portion that he possessed the dagger with “intent to use [it] unlawfully against another” (Penal Law § 265.01 [2]), it is facially insufficient under CPL 100.40, which requires that the “factual part” of the information contain nonhearsay allegations supporting each element of the crime. In response, the People note that the allegation of the defendant’s intent is made in the charging portion of the information. To satisfy the requirements of CPL 100.40, they rely on the presumption of intent contained in Penal Law § 265.15 (4), which provides in pertinent part that “[t]he possession by any person of [any dagger] is presumptive evidence of * * * intent to use the same unlawfully against [another].” Therefore, the People argue, it is sufficient that the charging portion of the information recites that the defendant intended to use the instrument unlawfully.
Discussion
CPL 100.15 and 100.40 require the People to file an accusatory instrument based on nonhearsay evidence. The purpose of this requirement is to prevent the People from bringing baseless prosecutions. (See, e.g., People v Stridiron, 175 Misc 2d 16, *766 17 [Crim Ct, Queens County 1997]; People v Pierre, 157 Misc 2d 812, 814-815 [Crim Ct, NY County 1993].) The Criminal Procedure Law envisions an accusatory instrument composed of two distinct parts. The first part is the “accusatory part,” which must “designate the * * * offenses charged.” (CPL 100.15 [2].) The second part is the “factual part,” in which a witness must allege “facts of an evidentiary character supporting or tending to support the charges.” (CPL 100.15 [3].) CPL 100.40 (1) (c) contains a further requirement that the factual part contain “[n]on-hearsay allegations * * * establishing], if true, every element of the offense charged and the defendant’s commission thereof.” (See also, CPL 100.15 [3] [summarizing CPL 100.40 as requiring that every element of the charge be “supported” by nonhearsay allegations].)
Contrary to the defendant’s argument, the Criminal Procedure Law does not require that each element of the charged crime be specified or in some way referred to in the factual part of the accusatory instrument. Instead, the factual part must contain allegations that “establish” each element of the offense. (CPL 100.40 [1] [c].) The Criminal Procedure Law does not dictate the manner in which the elements of the offense must be “establish[ed]” through the factual allegations.
At issue here is whether the nonhearsay factual allegations in this case “establish” that the defendant “intend[ed] to use [the dagger] unlawfully against another.” To answer this question, the court cannot ignore the existence of a statutory provision that directly addresses this issue. Penal Law § 265.15 (4) states that the mere “possession by any person of [any dagger]” provides “presumptive evidence of* * * intent to use the same unlawfully against [another].” In other words, Penal Law § 265.15 (4) permits the People to demonstrate the defendant’s intent under Penal Law § 265.01 (2) merely by making a proper factual allegation of possession.
It is not disputed that the People have alleged such possession through their nonhearsay allegation that the defendant had a dagger in his pocket. Section 265.15 (4) in turn unequivocally directs that such possession constitutes “evidence” of the defendant’s intent to use the dagger unlawfully against another. Taken together, these provisions allow the People to “establish” the element of intent solely through the allegation of possession. While the defendant ultimately will have the opportunity to rebut this presumption of his intent at trial (see, e.g., People v Rodriguez, 152 Misc 2d 512, 515 [Sup Ct, Queens County 1991]), the enactment of section 265.15 (4) means that *767 at this stage of the proceedings possession by itself is sufficient evidence to show intent. As a result, the People need do nothing more than allege possession of the dagger in order to establish the element of intent.
Examining this issue from a different perspective, it is difficult to imagine what the People could do to cure the alleged defect in the accusatory instrument in an instance, such as here, where they rely solely on the statutory presumption to demonstrate intent. The statutory presumption cannot properly be included in the accusatory part of the instrument since this part is to contain only the “offense charged” (CPL 100.15), and the statutory presumption is not itself an “offense.”
Nor could the police officer make a direct allegation in the factual portion of the instrument that the defendant had the requisite intent where he has no personal knowledge of such intent. Indeed, had he done so, the defendant could have argued that his allegation should be struck on this ground. In the absence of a confession, there is usually no direct proof of a defendant’s intent. Instead, the People must prove facts that provide circumstantial evidence of such intent. (See, e.g., People v Hall, 196 AD2d 792 [1st Dept], lv denied 82 NY2d 850 [1993]; People v Taylor, 190 AD2d 628 [1st Dept], lv denied 81 NY2d 1020 [1993]; accord, People v Mackey, 49 NY2d 274, 279 [1980] [“intent is subjective, and must be established by proof of defendant’s conduct and other facts and circumstances”].) Here, the officer has provided the circumstantial evidence of intent by swearing on personal knowledge to the only underlying fact required by the statutory presumption: the defendant’s possession of the dagger.
The defendant correctly notes that New York Jurisprudence, Second Edition, states broadly that an indictment charging criminal possession of a weapon is insufficient where “it fails expressly to allege that the person had the intent to use the weapon unlawfully against another.” (35B NY Jur 2d, Criminal Law, § 5005, at 590-591 [1995].) This statement, however, does not bar the instant prosecution because the treatise leaves open the possibility that an accusatory instrument may be sufficient where the allegation is made in the charging portion of the instrument. In addition, the treatise relies principally on a case, People v Bahamundi (99 AD2d 534 [2d Dept 1984]), that *768 did not involve the statutory presumption.* In Bahamundi, the Second Department held that an indictment charging Penal Law § 265.01 (2) must be dismissed where the People had failed to allege intent to use a knife unlawfully and had charged only that the defendant possessed a knife. Bahamundi, however, makes no reference to Penal Law § 265.15 (4) — presumably because the statutory presumption does not apply to a mere “knife” but only to a “dangerous knife.” (See, People v Rivera, 182 Misc 2d 244 [Crim Ct, NY County 1999].) Inasmuch as the presumption was not available to supply the missing element of intent, Bahamundi offers us no guidance in a case, such as this one, that relies on the presumption.
Moreover, consistent with the reasoning of this court, one case in the Appellate Term of the Second Department held that, even where there was no applicable statutory presumption, an accusatory instrument need not allege intent in the factual part but need only do so in the accusatory part. (See, People v Leiner, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d & 11th Jud Dists], lv denied 91 NY2d 894 [1998].) In Leiner, the court concluded that it was not necessary to repeat an allegation of intent in the factual part because intent “is an operation of the mind and cannot be the subject of a nonhearsay evidentiary allegation * * * it is necessary only that there be alleged evidentiary facts from which intent may be inferred.” (Supra, at 34, col 5.)
For these reasons, the motion to dismiss is denied.

 The other case cited by the treatise, People v Trudeau (24 NYS2d 34 [Franklin County Ct 1940]), supports the defendant’s position. For the reasons stated in this opinion, however, the court respectfully disagrees with its holding.