OPINION OF THE COURT
Danny Chun, J.
The defendant Shawn William, charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 *870 [1]) moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) on the grounds of facial insufficiency. The defendant is charged with possession of a gravity knife. The instant motion presents the question of whether, when a defendant is so charged, if the factual allegations in the complaint must be amplified beyond a bare assertion that the defendant possessed a gravity knife. Furthermore, does the People’s obligation to establish a prima facie case in an information require them to corroborate the operability of a gravity knife? For the reasons contained herein, we answer both of these questions in the negative and accordingly deny the defendant’s motion.
The motion arises from the following facts and procedural history. The defendant was arrested on December 18, 2000 and charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). The factual allegations in the misdemeanor complaint read as follows: “The deponent is informed by Detective Jason K. Burrell Shield No. 06680, of BNSCU Command that, at the above time and place, informant observed the defendant in possession of a gravity knife in that deponent recovered said gravity knife from the defendant’s pants pocket.” The complaint identified the deponent as a paralegal with the Kings County District Attorney’s office. On December 21, 2000 the People filed a supporting deposition from the informant, Detective Jason K. Burrell.
The defendant contends that the accusatory instrument is facially deficient in several respects. First, it is devoid of any facts establishing that the knife in question meets the statutory definition of a “gravity knife.” Secondly, it does not contain any factual allegations which would establish the operability of the knife. Lastly, it does not set forth the deponent’s basis for identifying the weapon as a gravity knife. The defendant argues that since possession of the knife is not unlawful absent proof that it is a working gravity knife, the People’s failure to set forth any facts to establish these crucial elements renders the accusatory instrument jurisdictionally defective.
CPL 100.15 (3) requires that the factual portion of an accusatory instrument contain evidentiary facts supporting or tending to support the charges in the accusatory portion of the instrument. Further, these evidentiary facts must provide reasonable cause to believe that the defendant committed the offenses charged. (See, People v Dumas, 68 NY2d 729; CPL 100.40 [1] [b], [c].) The totality of the allegations must demonstrate reasonable cause to believe that the defendant commit *871 ted a crime (CPL 70.10 [2]) and must also recite a legally sufficient or prima facie case to support that belief. (CPL 70.10 [1]; People v Alejandro, 70 NY2d 133.) For an information to be facially sufficient, it must contain nonhearsay allegations which, if true, establish every element of the offense and the defendant’s commission thereof. (CPL 100.40 [1].)
The defendant is charged with possessing a “gravity knife.” A gravity knife has a specific statutory definition: “[A]ny knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device.” (Penal Law § 265.00 [5].) The defendant contends that given that there are specific, technical criteria for a knife to qualify as a “gravity knife,” the People must plead sufficient facts to establish a prima facie case that the knife described in the accusatory instrument meets the statutory definition. Since the instant complaint contains the bare assertion that the deponent recovered a gravity knife from the defendant’s person without describing the physical appearance and characteristics of the object recovered, the defendant argues that the requirements of CPL 100.40 (1) (b) and People v Dumas (68 NY2d 729) have not been met. This Court disagrees.
In Dumas (supra), the Court of Appeals held that misdemeanor complaints alleging the criminal sale and/or possession of marihuana are facially insufficient where they contain a conclusory statement that each defendant sold marihuana but fail to support that statement with evidentiary facts showing the basis for the conclusion that the substance sold (and/or possessed) was actually marihuana, since the factual part of a misdemeanor complaint must allege facts of an evidentiary character (CPL 100.15 [3]) demonstrating reasonable cause to believe the defendant committed the crime charged (CPL 100.40 [4] [b]). This rationale, however, has never been extended to the crime of possessing a gravity knife. In the instant case the deponent is a New York City detective. A police officer, one as seasoned as a detective, is capable of readily identifying a gravity knife due to its widespread usage. Accordingly, we find no merit to the defendant’s contention that the complaint does not set forth the basis of Detective Burrell’s expertise, leaving the basis for his conclusion a matter of complete speculation.
Weapons such as gravity knives, pilum ballistic knives, switchblade knives and metal knuckle knives have a very *872 specific meaning in the statute and the definition should be strictly construed. However, by the same token, because of their specific definitions, these weapons do not require further pleadings to support the conclusions as to what they are. A gravity knife, by its appearance alone, can be identified as such. This is clearly distinguishable from marihuana or other controlled substances where the items actually must be tested despite its appearance in order to confirm its identity.
The defendant also contends that an additional fatal defect in the accusatory instrument is that it contains no factual allegations setting forth the operability of the knife. There is no authority for the proposition that the People must assert the operability of a gravity knife in either a complaint or an information. The defendant’s memorandum of law states that the requirement of operability has been held to apply to gravity knives (citing People v Perez, 123 AD2d 889 [2d Dept 1986]). The defendant’s reliance on that case is misplaced since the holding in Perez (supra) applied to a conviction after trial for the crime of criminal possession of a weapon in the fourth degree. The defendant has confused the level of proof required for a conviction after trial with the level of proof required for a facially sufficient information.
Accordingly, the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) is denied.