OPINION OF THE COURT
Ira H. Margulis, J.
For the following reasons, the charges against all defendants are dismissed as facially insufficient; the People have not filed any opposition to defendants’ motions.
Defendant Daniel H. Nassif s motion to sever and all defendant’s remaining requests for relief are therefore moot.
Defendants were charged jointly with unlawfully dealing with fireworks and dangerous fireworks (Penal Law § 270.00 [2] [a] [ii]), unlawful possession of a radio device (Penal Law § 140.40), and equipping a motor vehicle with a radio receiving set capable of receiving signals on the frequencies allocated for police use (Vehicle and Traffic Law § 397). Defendants Ioannidis and Somalis moved, by separate motion, to dismiss the accusatory *185 instrument on the grounds it is facially insufficient. Although defendants Nassif and Rodriguez did not move to dismiss the accusatory instrument on these grounds, because the court finds the charges are insufficient as to each defendant, the charges against all of them are dismissed.
Defendants Ioannidis’ and Somalis’ motions are decided as follows:
A misdemeanor complaint must be sufficient on its face before it can be converted to an information upon which the People can proceed to trial. (CPL 170.65 [1]; People v Dumas, 68 NY2d 729 [1986].) To be facially sufficient, the accusatory instrument must set forth evidentiary facts in its factual part, and/or any supporting depositions, containing nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].)
As to the first count, defendants are charged with violating Penal Law § 270.00 (2) (a) (ii), which provides:
“Except as herein otherwise provided, or except where a permit is obtained pursuant to section 405.00; . . .
“(ii) any person who shall offer or expose for sale, sell or furnish any fireworks or dangerous fireworks valued at five hundred dollars or more shall be guilty of a class A misdemeanor.”
Penal Law § 270.00 (2) (c) further provides: “Possession of fireworks or dangerous fireworks valued at fifty dollars or more shall be a presumption that such fireworks were intended to be offered or exposed for sale.”
Hence, the essential elements of the charge are (1) defendant offered, exposed for sale, sold or furnished fireworks, and (2) that they were valued at $500 or more. As the statute includes a presumption that possession of fireworks or dangerous fireworks valued at $50 or more shows the accused intended to offer them for sale, a facially sufficient information in which the complainant provides nonhearsay allegations showing the value of the fireworks is greater than $50 would, for purposes of pleading, support the element of an offering for sale.
Regarding this count, in the factual part of the accusatory instrument, a New York City police officer states:
“The defendants . . . were gathered around a group of fireworks while defendant George Ioannidis pre *186 pared to ignite said fireworks with a lighter. Deponent states that she recovered three hundred and sixty nine fireworks from the above mentioned defendants and that the value of said fireworks totalled in excess of five hundred dollars.”
While defendants Ioannidis and Somalis make several arguments in their motions to dismiss this count, one of their principal contentions is that there are no allegations that defendants offered the fireworks for sale, and that the officer’s statement as to their value is conclusory.
There is a dearth of reported cases regarding this statute. A plain reading of the first sentence, “defendants . . . were gathered around a group of fireworks while defendant George Ioannidis prepared to ignite said fireworks with a lighter” does not support an allegation the defendants were offering to sell the fireworks (see e.g., People v Starling, 85 NY2d 509, 514 [1995] [broad definition of what constitutes a “sale” in narcotics cases]; Penal Law § 220.00 [1]), rather it supports the inference they intended to immediately detonate them — presumably for their own benefit, whatever that benefit may have been.
Because the plain meaning of the facts alleged do not support an allegation of sale, even in giving the broadest reading to the word “sale,” to be facially sufficient, these charges must be supported by the presumption provided by the statute.
At the accusatory stage, a statutory presumption may support an element of a crime for pleading purposes. (People v Chen Ye, 179 Misc 2d 592 [Crim Ct, NY County 1999]; People v Monero, 184 Misc 2d 764, 766 [Crim Ct, NY County 2000].)[1] Notwithstanding the permissible use of presumptions, allegations that support them must still be based on nonconclusory and non-hearsay assertions. (Dumas, supra; Monero, supra, 184 Misc 2d at 766-767.) Here, the officer states “she recovered three hundred and sixty nine fireworks from the above mentioned defendants and that the value of said fireworks totalled in excess of five hundred dollars,” but fails to state the basis for her conclusion of the stated value. In addition, the officer does not allege what type of “fireworks” she recovered; *187 hence there is no basis to determine the value based upon the items themselves. (Penal Law § 270.00 [1].) Thus, the officer’s assertions regarding the value of the items, standing alone, are conclusory and do not support the presumption. As the presumption is not supported, and there are no other facts that support the proposition the items were offered for sale, the accusatory instrument is insufficient.[2]
Accordingly, defendants Ioannidis’ and Somalis’ motion to dismiss the first count of the accusatory instrument, alleging a violation of Penal Law § 270.00 (2) (a) (ii), is granted.
In the second count, defendants are charged with violating Penal Law § 140.40, which provides:
“As used in this section, the term ‘radio device’ means any device capable of receiving a wireless voice transmission on any frequency allocated for police use, or any device capable of transmitting and receiving a wireless voice transmission. A person is guilty of unlawful possession of a radio device when he possesses a radio device with the intent to use that device in the commission of robbery, burglary, larceny, gambling or a violation of any provision of article two hundred twenty of the penal law.”
Thus, the elements of this offense are satisfied if the complainant alleges (1) defendant possessed a radio device capable of receiving or transmitting signals on a frequency reserved for police use, (2) while using or intending to use that device in the commission of a robbery, burglary, larceny, gambling, or crimes involving the possession and sale of narcotics. Concerning this count (and the third count), the complainant alleges: “Deponent. . . states that she . . . recovered a radio capable of receiving police communications, from the vehicle in which the defendants were traveling. Deponent states that defendant Christopher Somalis stated, in sum and substance, that the car belonged to his boss.”
“It is a universal principle in the interpretation of statutes that expressio unius est exclusio alteráis (1 McKinney’s Statutes, Consol. Laws, [1942], § 240), namely, the specific mention of one person or thing implies the exclusion of other persons or things; *188 where a statute expressly describes the particular act, thing or person to which it shall apply, it is a general, if not altogether irresistible, inference that what is omitted or not included was intended to be omitted and excluded.” (See, Dezsofi v Jacoby, 178 Misc 851, 854 [Sup Ct, Special Term, NY County 1942] [internal quotation marks omitted].)
Because the statute specifically enumerates the crimes of which a defendant must be accused while also possessing a “radio device” for this charge to be facially sufficient, the Legislature must have intended to exclude other crimes when it enacted the statute. Moreover, the Legislature did not take the opportunity to add the crime of unlawfully dealing with fireworks and dangerous fireworks (Penal Law § 270.00 [2] [a] [ii]) to section 140.40 when it passed legislation which amended section 270.00. As defendants have not been charged with one of the enumerated crimes, the second count is also facially insufficient.
Accordingly, defendants Ioannidis’ and Somalis’ application to dismiss the second count in the accusatory instrument, alleging a violation of Penal Law § 140.40, is granted.
Defendants are finally charged with violating Vehicle and Traffic Law § 397 (equipping motor vehicles with radio receiving sets capable of receiving signals on the frequencies allocated for police use), which provides in part:
“A person, not a police officer or peace officer, acting pursuant to his special duties, who equips a motor vehicle with a radio receiving set capable of receiving signals on the frequencies allocated for police use or knowingly uses a motor vehicle so equipped or who in any way knowingly interferes with the transmission of radio messages by the police without having first secured a permit so to do from the person authorized to issue such a permit by the local governing body or board of the city, town or village in which such person resides ... is guilty of a misdemeanor.”
The essential elements of this crime, as charged here, are: (1) equipping or using a motor vehicle with (2) a radio capable of receiving signals used by the police.
As set forth above, the complainant, the officer, alleges she “recovered a radio capable of receiving police communications from the vehicle in which the defendants were traveling.” Notwithstanding this assertion, there are no other facts alleged *189 to support the officer’s conclusion that the radio she recovered could receive police communications.
In People v Dumas (supra, 68 NY2d at 731), the Court of Appeals held that a facially sufficient complaint must plead evidentiary facts showing the basis for any conclusions set forth in the complaint, and held that a criminal court complaint was facially insufficient because it failed to allege evidentiary facts which would tend to support the conclusion that the substance sold was marihuana.
Similarly, in the instant case, the People have failed to allege evidentiary facts to support the conclusory statement that the item seized was a radio capable of receiving police communications. While courts have recognized police officers may have specialized knowledge regarding the identification of contraband, or items used in criminal activities (see People v William, 188 Misc 2d 869, 871-872 [Crim Ct, Kings County 2001], affd 191 Misc 2d 293 [App Term, 2nd Dept 2002], lv denied 98 NY2d 682 [2002]; People v Khoi Dang, 172 Misc 2d 274, 277 [Crim Ct, Kings County 1997]), they have still required that nonhearsay facts be alleged showing the operability of a specific item (see e.g. People v Blackwell, 176 Misc 2d 896, 898-899 [Crim Ct, NY County 1998] [collecting cases]), particularly where the item cannot be identified by its appearance alone. (See People v Pestana, 195 Misc 2d 833, 840 [Crim Ct, NY County 2003].) With advancing technology, there are a multitude of items capable of receiving terrestrial and/or satellite radio signals that may be recovered from a motor vehicle; any conclusions regarding their ability to receive signals reserved for police use must be supported by allegations that the device was in fact being operated, or capable of being operated (People v Verdino, 78 Misc 2d 719, 720 [First Dist Ct, Suffolk County 1974]), in such a manner. (Pestana, supra.) Here, the officer only reiterates the statute, alleging the radio she recovered “is capable of receiving police communications” and states no other facts to support this conclusion. While this court is not ruling that, for pleading purposes, the People would be required to have the radio tested by an expert to show it is capable of receiving police signals (cf. People v Garcia, 170 Misc 2d 543 [Westchester County Ct 1996]), it cannot find that the statements here are more than conclusory. Therefore, the third count, alleging a violation of Vehicle and Traffic Law § 397, is also dismissed.
*190 Accordingly, all charges against the defendants are dismissed for facial insufficiency. Notwithstanding the fact that defendants Nassif and Rodriguez have not moved to dismiss the instrument on these grounds, the court finds that, in reviewing the instrument for Ioannidis’ and Somalis’ motions, that the charges are not supported against any of the codefendants.
The People have leave to refile the charges consistent with CPL 30.30 and 170.30. (People v Nuccio, 78 NY2d 102, 104-105 [1991].)

. In New York statutory presumptions in criminal cases are not true presumptions but rather create permissible inferences, sometimes called presumptions of fact. (People v Rodriguez, 152 Misc 2d 512, 515 [Sup Ct, Queens County 1991].)

. Defendants’ further argument, that because the New York City Police Department destroyed the seized items without performing a laboratory analysis, the allegation the items were “fireworks” is also conclusory and unsupported, need not be addressed at this time.