■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL JIMINEZ, Appellant. [47 NYS3d 287]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at hearing; Daniel P. FitzGerald, J., at jury trial

and sentencing), rendered May 3, 2013, convicting defendant of three counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. When defendant abandoned stolen credit and debit cards by discarding them on the street as a police officer approached him, the abandonment was not "precipitated by unlawful police activity" (*People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]). Regardless of the officer's subjective intent, at the time defendant abandoned the cards, the police had not yet interfered with him in any way. The plainclothes officer's actions, up to that point, were limited to crossing in front of defendant on the sidewalk from about 10 feet away and displaying his shield, without saying a word. In any event, based on defendant's suspicious, unsuccessful efforts to use various cards to obtain money from a cash machine, the police had, at the least, a founded suspicion of criminality that entitled them to make a common-law inquiry (*see People v Francois*, 61 AD3d 524 [1st Dept 2009], *affd* 14 NY3d 732 [2010]), and their conduct cannot be viewed as exceeding that authority (*see People v Bora*, 83 NY2d 531, 532-535 [1994]). Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.