People v Thomas (2025 NY Slip Op 03767)

People v Thomas

2025 NY Slip Op 03767

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Ind. No. 11516/19, 1122/21|Appeal No. 4623-4623A|Case No. 2022-04211|

[*1]The People of the State of New York, Respondent,
v
Dante Thomas, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Tara A. Collins, J. at suppression hearing; Albert Lorenzo, J. at plea and sentencing), rendered September 6, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree under indictment No. 1516/19, and sentencing him to a term of two years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed. Appeal from judgment, same court (Lorenzo, J. at plea and sentencing), rendered September 6, 2022, convicting defendant of criminal possession of a firearm under indictment No. 1122/21, and sentencing him to a concurrent term of 364 days, unanimously dismissed, as abandoned.
Defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). "Neither the execution of the written waiver of the right to appeal at the beginning of the plea proceeding, nor the court's colloquy about the waiver after defendant's allocution, rendered his waiver of his right to appeal invalid" (People v Jessamy, 237 AD3d 619 [1st Dept 2025]; see People v Brown, 228 AD3d 465 [1st Dept 2024], lv denied 42 NY3d 1019 [2024]). The record demonstrates that defendant had a full appreciation of the waiver and its consequences, and that the waiver was voluntary, under "the totality of the circumstances" (Thomas, 34 NY3d at 559).
Defendant's voluntary waiver of appeal forecloses review of his challenge to the court's suppression order in indictment No. 1516/19. Even assuming the waiver was invalid, we find that the court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The hearing court had the unique opportunity to see and hear the police officer's testimony, which included a courtroom demonstration of the manner in which the officer saw defendant holding the bag with the gun inside (see People v Garcia, 242 AD2d 427, 427 [1st Dept 1997], lv denied 90 NY2d 1011 [1997]).
Further, when defendant abandoned the gun by throwing the bag with it inside, over the fence behind him as police approached him, "the abandonment was 'not precipitated by unlawful police activity'" (People v Jimenez, 147 AD3d 496, 497 [1st Dept 2017], lv denied 29 NY3d 1081 [2017], quoting People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]). At the point when defendant abandoned the gun, the plain clothes officers had done nothing more than greet him with, "hello, police," and walk toward him, without drawing their guns, as he stood on the sidewalk (see e.g. People v Bora, 83 NY2d 531, 535-536 [1994]; People v Grunwald, 29 AD3d 33, 38 [1st Dept 2006], lv denied 6 NY3d 848 [2006]).
Based on our own interest of justice powers, we vacate the mandatory surcharge and fees imposed on [*2]defendant at sentencing in indictment No. 1516/19 (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025